[No. 17759.   Department Two.   February 15, 1923.]

THE STATE OF WASHINGTON, *on the Relation of A. D. Schmidt, Appellant*, v. THE DEPARTMENT OF PUBLIC WORKS, *Respondent.*[1]

Appeal from a judgment of the superior court for Thurston county, Wilson, J., entered November 22, 1922, in favor of the defendants, dismissing an action for an injunction, tried to the court. Affirmed.

*Vance & Christensen*, for appellant.

*The Attorney General* and *Raymond W. Clifford, Assistant*, for respondent.

PER CURIAM.—Appellant, as relator, brought this action in the court below to enjoin respondents from interfering with his business of operating motor vehicles for the transportation of passengers for compensation between Seattle, Washington, and Portland, Oregon, upon the ground that the business so conducted by him was purely interstate commerce, and that respondents had and have no jurisdiction thereof.   From a judgment denying injunctive relief and dismissing the action, he has appealed.

The action was tried on the merits, and it appears that the appellant, having in no wise complied with the provisions of ch. 111, Laws of 1921, p. 338 (Rem. Comp. Stat., § 6387), was operating a regular service by automobile, carrying passengers for hire between the points indicated, when he was arrested at the instance of the department of public works for failure to have a certificate of public convenience and necessity as required by the terms of the act, and that a continuance of such interference with his operations is threatened.

This case is governed and controlled by the recent decision in the case of *Northern Pacific R. Co. v. Schoenfeldt, ante* p. 579, 213 Pac. 26, and upon the authority of that case the judgment appealed from is affirmed.

PEMBERTON, J. (dissenting)—In the case of *Northern Pacific R. Co. v. Schoenfeldt, ante* p. 579, 213 Pac. 26, the defendants had not complied with any of the provisions of ch. 111 of the Laws of 1921, p. 338 (Rem. Comp. Stat., 6387), providing for the supervision and regulation of the transportation of persons and property for compensation over the public highways of this state by motor vehicle.

In this case the appellant was arrested because he was engaged in interstate commerce, carrying passengers between Seattle, Wash-

[1]Reported in 213 Pac. 31.

ington, and Portland, Oregon, without first securing a certificate of public convenience and necessity under § 4 of said ch. 111, Laws of 1921, p. 341 (Rem. Comp. Stat., § 6390). Appellant concedes that he must comply with all the provisions of the law, but insists that § 4 of the law does not apply to those engaged in interstate commerce.

The only question involved in this case is whether or not the state of Washington, through its board of public works, has the power to prohibit interstate commerce over its highways because in its opinion public convenience and necessity do not require such interstate commerce.

Article 1, § 8, clause 3, of the constitution of the United States expressly commits to Congress, and impliedly withholds from the several states, the power to regulate commerce among the states.

A careful reading of the authorities considered in the case of *Northern Pacific R. Co. v. Schoenfeldt, supra,* discloses the fact that all these cases are passing upon the question as to how far a state may go in its police power in interfering with interstate commerce. Not a single one of these authorities support the contention that the state may prohibit interstate commerce, and no such authority has been called to the attention of the court. The state may regulate but not prohibit interstate commerce. "It is without the power of a state directly to regulate, prohibit or burden interstate commerce, . . . a police regulation going beyond the necessities of the case and interfering with interstate commerce is void." 12 C. J. 12. The reasonableness of the state's interfering with interstate commerce is subject to review by the courts of the United States

At the time of the adoption of the constitution, transportation of interstate commerce except by water was carried on exclusively over the highways. To hold that a state has the authority to determine whether or not interstate commerce is necessary and prohibit the same would require a carrier to secure the consent of all the states through which he passes, and so long as any one state made objection, interstate commerce would be prohibited. The United States constitutional provision giving Congress control of interstate commerce is to avoid this condition.

Section 8 of our law provides:

"Neither this act nor any provision thereof shall apply or be construed to apply to commerce with foreign nations or commerce among the several states of this Union except in so far as the same may be permitted under the provisions of the Constitution of the United States and the Acts of Congress."

Under the provisions of this law, the person engaged in interstate commerce is not required to secure a certificate of convenience and necessity.

For the reasons above indicated, I dissent.