# BUCK *v.* KUYKENDALL, DIRECTOR OF PUBLIC WORKS OF THE STATE OF WASHINGTON.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF WASHINGTON.

No. 345. Argued November 25, 1924.—Decided March 2, 1925.

1. Section 4, of c. 111, Laws of Washington, 1921, which prohibits common carriers for hire from using the highways by auto vehicles between fixed termini or over regular routes without having obtained from the Director of Public Works a certificate declaring that public convenience and necessity require such operation, is, primarily, not a regulation to secure safety on highways, or to conserve them, but a prohibition of competition, and, as applied to one desirous of using the highways as a common carrier of pas-

sengers and express purely in interstate commerce, is a violation of the Commerce Clause, besides defeating the purpose expressed in acts of Congress giving federal aid for construction of interstate highways. P. 315.

2. A party who has received no benefit from and who does not rely upon a statute, is not estopped from assailing it as unconstitutional merely because he vainly endeavored to comply with it. P. 316.

295 Fed. 197, 203, reversed.

APPEAL from a decree of the District Court dismissing a bill for an injunction. See 295 Fed. 197; *id.* 203. The opinion is printed as amended by order, June 8, 1925.

*Mr. Merrill Moores,* with whom *Mr. W. R. Crawford* was on the briefs, for appellant, submitted.

The Federal Highway Act and the adoption of the provisions thereof by the State of Washington constitute a contract protected by the Federal Constitution. The provisions of the state law, c. 111, of the Laws of 1921, as amended, preventing unimpeded traffic on federal-aided highways or granting an exclusive privilege to use them in certain traffic, impair this contract and are unconstitutional. They create a monopoly; they discriminate against and prohibit the free use of these highways for traffic. *McGehee* v. *Mathis,* 4 Wall. 145; *Seabright* v. *Stokes et al.,* 3 How. 151; *Neil, Moore & Co.* v. *Ohio,* 3 How. 720; *Achison* v. *Hudleson,* 12 How. 291.

In § 2 of the federal act the term " reconstruction " was defined as including the widening or rebuilding of highways or any portion thereof, to make a continuous road sufficiently wide and strong to care adequately for " traffic " needs.

Section 8 provides that such highways must be built to adequately meet existing and probable future " traffic " needs and conditions. Further, the Secretary of Agriculture must approve the types and width, and consideration must be given probable character and extent of future " traffic."

Section 18 vests the Secretary with sole authority to administer the law, protecting the highways and the ·safety of " traffic " thereon.

Interstate commerce consists of intercourse and traffic between the citizens of different States.

The term " traffic " is not one of restriction, but embraces all uses of such public highways by any means or instrument of transportation, whether or not there is a charge for the use of the means or instruments by the owner thereof to others for transportation.

If § 4 of the state law, prohibiting the use of such public highways, except by one person or corporation in the same territory using such highway, is constitutional, then the State can prohibit the free use of such highways by any class either of motor vehicles or of persons, and the entire meaning of the Federal Highway Act and the protection thereof can be destroyed and a favored few would have absolute monopoly in " traffic " thereon.

The provision of the state law requiring a certificate or license to engage in interstate commerce, is unconstitutional. *McCall* v. *California,* 136 U. S. 104; *Gloucester Ferry Co.* v. *Penn.,* 114 U. S. 196; *Crandall* v. *Nevada,* 6 Wall. 35; *Welton* v. *Missouri,* 91 U. S. 275; *Hall* v. *DeCuir,* 95 U. S. 485; *Chicago & N. W. R. Co.* v. *Fuller,* 17 Wall. 560; *Luxton* v. *North River Bridge Co.,* 153 U. S. 525; *Dayton-Goose Creek R. Co.* v. *United States,* 263 U. S. 456.

A state law requiring the obtaining of a license to engage in interstate commerce in the State is unconstitutional and can not be defended as a police measure. *Crutcher* v. *Kentucky,* 141 U. S. 47; *Brennan* v. *Titusville,* 153 U. S. 289; *Sault Ste. Marie* v. *International Transit Co.,* 234 U. S. 335; *Kansas S. R. Co.* v. *Kaw Valley Drainage Dist.,* 233 U. S. 75; *Barrett* v. *New York,* 232 U. S. 14; *Wagner* v. *Covington,* 251 U. S. 95; *Kir-*

*meyer* v. *Kansas,* 236 U. S. 568; *Carlsen* v. *Cooney,* 123 Wash. 441.

A state law granting an exclusive privilege to engage in the business of interstate commerce over the public highways is unconstitutional. *Gibbons* v. *Ogden,* 9 Wheat. 1; *Long* v. *Miller,* 262 Fed. 363; *Pensacola Tel. Co.* v. *West. Union Tel. Co.,* 96 U. S. 1; *United States* v. *Union Pacific R. Co.,* 160 U. S. 1; *West* v. *Kansas Natural Gas Co.,* 221 U. S. 229; *St. Clair County* v. *Interstate Etc. Co.,* 192 U. S. 454.

The provisions of the state law are arbitrary and void.

The appellant was prohibited from entering the State of Washington, carrying persons from Portland, Oregon, at reduced fares.

It is claimed that these provisions are constitutional on the ground that Congress has not legislated on the subject. We contend that the " Federal Highway Act," furnishes a complete answer.

Even if that Act had no application, the inaction of Congress is equivalent to a declaration that such interstate commerce shall remain free and untrammeled. *Missouri* v. *Kansas City Nat. Gas. Co.* 265 U. S. 298; *Penn.* v. *West Virginia,* 262 U. S. 553; *Wabash St. L. & P. R. Co.* v. *Illinois,* 118 U. S. 557; *South Covington Ry.* v. *Covington,* 235 U. S. 538.

The power vested in Congress to regulate commerce among the States cannot be stopped at the boundary line of the State, and the absence of a law by Congress is equivalent to its declaration that the importation of the article of commerce into the States shall be unrestricted. *Leisy* v. *Hardin,* 135 U. S. 100; *Lyng* v. *Michigan,* 135 U. S. 161; *Welton* v. *Missouri,* 91 U. S. 275; *Gloucester Ferry Co.* v. *Penn., supra; Brown* v. *Houston,* 114 U. S. 622; *Walling* v. *Michigan,* 116 U. S. 446; *Vance* v. *Vandercook Co.,* 170 U. S. 457; *Hall* v. *De Cuir, supra.*

*Mr. Wm. J. Hughes* also appeared for the appellant.

*Mr. John H. Dunbar,* with whom *Mr. H. C. Brodie* was on the briefs, for appellee.

A person who has invoked the benefit of an unconstitutional law can not in a subsequent litigation aver its unconstitutionality as a defense. *Pierce Oil Co.* v. *Phoenix Refining Co.,* 259 U. S. 125; *Wall* v. *Parrot Silver & Copper Mining Co.,* 244 U. S. 407; *Grand Rapids & Indiana Ry. Co.* v. *Osborn,* 193 U. S. 17; *Shepard* v. *Barron,* 194 U. S. 553; *Pierce* v. *Somerset Ry.* 171 U. S. 641; *Electric Co.* v. *Dow,* 166 U. S. 489; *Ficklen* v. *Shelby County,* 145 U. S. 1; *Great Falls Manufacturing Co.* v. *Garland,* 124 U. S. 581.

The state statute does not violate the federal highway acts. *Buck* v. *Kuykendall,* 295 Fed. 197; *Liberty Highway Co.* v. *Michigan Public Utilities Comm.* 294 Fed. 703.

The state act does not violate the Commerce Clause of the United States Constitution.

It has been repeatedly recognized by this Court that in matters affecting interstate commerce the States may legislate with reference to local needs where there has been no congressional legislation with respect thereto. *Minnesota Rate Cases,* 230 U. S. 352; *Missouri Pacific Ry. Co.* v. *Larabee Flour Mills Co.,* 211 U. S. 612; *Atlantic Coast Line* v. *Georgia,* 234 U. S. 280; *Missouri Kansas & Texas Ry. Co.* v. *Harris,* 234 U. S. 412; *Hendrick* v. *Maryland,* 235 U. S. 610; *Kane* v. *New Jersey,* 242 U. S. 160; *Chicago, Milwaukee & St. Paul Ry. Co.* v. *Public Utilities Comm.* 242 U. S. 333; *Penn. Gas Co.* v. *Public Service Comm.* 252 U. S. 23.

Congress has passed no act relative to interstate transportation by motor vehicles, and it has been held in numerous cases that legislation of the character here involved is of a local nature.

It has also been repeatedly recognized by this Court and the lower federal courts, that the States may, under

their police power, pass acts which indirectly affect interstate commerce, and that the regulation and use of the public highways of the State is a proper exercise of the police power. *Hendrick* v. *Maryland, supra; Kane* v. *New Jersey, supra; Interstate Motor Transit Co.* v. *Kuykendall,* 284 Fed. 882; *Northern Pac. Ry. Co.* v. *Schoenfeldt,* 123 Wash. 579; *Schmidt* v. *Department of Public Works,* 123 Wash. 705; *Camas Stage Co.* v. *Kozer,* 209 Pac. 95; *Geo. W. Bush & Sons Co.* v. *Maloy,* 143 Md. 570; *Liberty Highway Co.* v. *Michigan Public Utilᵗⁱᵉˢ Comm. supra.*

The state act does not violate the Fourteenth Amendment. *Hendrick* v. *Maryland, supra; Geo. W. Bush & Sons Co.* v. *Maloy, supra; Camas Stage Co.* v. *Kozer, supra; Lutz* v. *City of New Orleans,* 235 Fed. 978; *Hadfield* v. *Lundin,* 98 Wash. 657; *Ex parte Dickie* (W. Va.) 85 S. E. 781; *Carson* v. *Woodram,* (W. Va.) 120 S. E. 512; *Davis* v. *Commonwealth of Mass.,* 167 U. S. 43; *Gundling* v. *Chicago,* 177 U. S. 183; *West Suburban Transportation Co.* v. *Chicago & W. T. Ry. Co.,* (Ill.) 140 N. E. 56; *Lane* v. *Whitaker,* 275 Fed. 476; *Lieberman* v. *Van De Carr,* 199 U. S. 552.

*Messrs. John E. Benton* and *Carl I. Wheat* filed a brief as *amici curiae.*

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

This is an appeal, under § 238 of the Judicial Code, from a final decree of the federal court for western Washington dismissing a bill brought to enjoin the enforcement of § 4 of chapter 111 of the Laws of Washington, 1921. That section prohibits common carriers for hire from using the highways by auto vehicles between fixed termini or over regular routes, without having first obtained from the Director of Public Works a certificate declaring that

public convenience and necessity require such operation. The highest court of the State has construed the section as applying to common carriers engaged exclusively in interstate commerce. *Northern Pacific Ry. Co. v. Schoenfeldt,* 123 Wash. 579; *Schmidt v. Department of Public Works,* 123 Wash. 705. The main question for decision is whether the statute so construed and applied is consistent with the Federal Constitution and the legislation of Congress.

Buck, a citizen of Washington, wished to operate an auto stage line over the Pacific Highway between Seattle, Washington and Portland, Oregon, as a common carrier for hire exclusively for through interstate passengers and express. He obtained from Oregon the license prescribed by its laws. Having complied with the laws of Washington relating to motor vehicles, their owners and drivers (*Carlsen v. Cooney,* 123 Wash. 441), and alleging willingness to comply with all applicable regulations concerning common carriers, Buck applied there for the prescribed certificate of public convenience and necessity. It was refused. The ground of refusal was that, under the laws of the State, the certificate may not be granted for any territory which is already being adequately served by the holder of a certificate; and that, in addition to frequent steam railroad service, adequate transportation facilities between Seattle and Portland were already being provided by means of four connecting auto stage lines, all of which held such certificates from the State of Washington.[1] *Re Buck,* P. U. R. 1923 E, 737. To enjoin interference by its officials with the operation of the projected

---

[1] An additional ground for refusing the certificate was that the applicant did not appear to have financial ability. This ground of rejection does not require separate consideration; among other reasons, because the plaintiff later asserted, in his bill, that he possessed the requisite financial ability, and the motion to dismiss admitted the allegation.

line, Buck brought this suit against Kuykendall, the Director of Public Works. The case was first heard, under § 266 of the Judicial Code, before three judges, on an application for a preliminary injunction. They denied the application. 295 Fed. 197. A further application for the injunction made after amending the bill was likewise denied. 295 Fed. 203. Then the case was heard by the District Judge upon a motion to dismiss the amended bill. The final decree dismissing the bill was entered without further opinion. See also *Interstate Motor Transit Co.* v. *Kuykendall,* 284 Fed. 882.

That part of the Pacific Highway which lies within the State of Washington was built by it with federal aid pursuant to the Act of July 11, 1916, c. 241, 39 Stat. 355, as amended February 28, 1919, c. 69, 40 Stat. 1189, 1200, and the Federal Highway Act, November 9, 1921, c. 119, 42 Stat. 212. Plaintiff claimed that the action taken by the Washington officials, and threatened, violates rights conferred by these federal acts and guaranteed both by the Fourteenth Amendment and the Commerce Clause. In support of the decree dismissing the bill this argument is made: The right to travel interstate by auto vehicle upon the public highways may be a privilege or immunity of citizens of the United States. Compare *Crandall* v. *Nevada,* 6 Wall. 35. A citizen may have, under the Fourteenth Amendment, the right to travel and transport his property upon them by auto vehicle. But he has no right to make the highways his place of business by using them as a common carrier for hire. Such use is a privilege which may be granted or withheld by the State in its discretion, without violating either the due process clause or the equal protection clause. *Packard* v. *Banton,* 264 U. S. 140, 144. The highways belong to the State. It may make provision appropriate for securing the safety and convenience of the public in the use of them. *Kane* v. *New Jersey,* 242 U. S. 160. It may impose fees with a

view both to raising funds to defray the cost of super-vision and maintenance and to obtaining compensation for the use of the road facilities provided. *Hendrick* v. *Maryland*, 235 U. S. 610. See also *Pierce Oil Corpora-tion* v. *Hopkins*, 264 U. S. 137. With the increase in number and size of the vehicles used upon a highway, both the danger and the wear and tear grow. To exclude unnecessary vehicles—particularly the large ones com-monly used by carriers for hire—promotes both safety and economy. State regulation of that character is valid even as applied to interstate commerce, in the absence of legislation by Congress which deals specifically with the subject. *Vandalia R. R. Co.* v. *Public Service Commis-sion*, 242 U. S. 255; *Missouri Pacific Ry. Co.* v. *Larabee Flour Mills Co.*, 211 U. S. 612. Neither the recent federal highway acts, nor the earlier post road acts, Rev. Stat. § 3964; Act of March 1, 1884, c. 9, 23 Stat. 3, do that. The state statute is not objectionable because it is de-signed primarily to promote good service by excluding unnecessary competing carriers. That purpose also is within the State's police power.

The argument is not sound. It may be assumed that § 4 of the state statute is consistent with the Fourteenth Amendment; and also, that appropriate state regulations adopted primarily to promote safety upon the highways and conservation in their use are not obnoxious to the Commerce Clause, where the indirect burden imposed upon interstate commerce is not unreasonable. Compare *Michigan Public Utilities Commission* v. *Duke*, 266 U. S. 571. The provision here in question is of a different character. Its primary purpose is not regulation with a view to safety or to conservation of the highways, but the prohibition of competition. It determines not the man-ner of use, but the persons by whom the highways may be used. It prohibits such use to some persons while

permitting it to others for the same purpose and in the same manner. Moreover, it determines whether the prohibition shall be applied by resort, through state officials, to a test which is peculiarly within the province of federal action—the existence of adequate facilities for conducting interstate commerce. The vice of the legislation is dramatically exposed by the fact that the State of Oregon had issued its certificate which may be deemed equivalent to a legislative declaration that, despite existing facilities, public convenience and necessity required the establishment by Buck of the auto stage line between Seattle and Portland. Thus, the provision of the Washington statute is a regulation, not of the use of its own highways, but of interstate commerce. Its effect upon such commerce is not merely to burden but to obstruct it. Such state action is forbidden by the Commerce Clause. It also defeats the purpose of Congress expressed in the legislation giving federal aid for the construction of interstate highways.

By motion to dismiss filed in this Court, the State makes the further contention that Buck is estopped from seeking relief against the provisions of § 4. The argument is this: Buck's claim is not that the Department's action is unconstitutional because arbitrary or unreasonable. It is that § 4 is unconstitutional because use of the highways for interstate commerce is denied unless the prescribed certificate shall have been secured. Buck applied for a certificate. Thus he invoked the exercise of the power which he now assails. One who invokes the provisions of a law may not thereafter question its constitutionality. The argument is unsound. It is true that one cannot in the same proceeding both assail a statute and rely upon it. *Hurley* v. *Commission of Fisheries*, 257 U. S. 223, 225. Compare *Wall* v. *Parrot Silver & Copper Co.*, 244 U. S. 407, 411. Nor can one who avails himself of the benefits conferred by a statute deny its validity.

*St. Louis Co.* v. *Prendergast Co.*, 260 U. S. 469, 472. But in the case at bar, Buck does not rely upon any provision of the statute assailed; and he has received no benefit under it. He was willing, if permitted to use the highways, to comply with all laws relating to common carriers. But the permission sought was denied. The case presents no element of estoppel. Compare *Arizona* v. *Copper Queen Mining Co.*, 233 U. S. 87, 94 *et seq.*

*Reversed.*

MR. JUSTICE MCREYNOLDS dissented and delivered a separate opinion in this case and the one next following. See *post*, p. 325.