[No. 21320. Department One. December 20, 1928.]

J. W. WALL, *Respondent*, v. L. V. SMART, *Appellant*.[1]

*Louis J. Muscek*, for appellant.

*E. N. Eisenhower*, for respondent.

BEALS, J.—On June 8, 1926, plaintiff, J. W. Wall, together with N. F. Wall and J. R. Smart, who were then copartners doing business as carriers of freight by motor truck under the name of Portland-Seattle Auto Freight Co., signed and delivered to defendant the following document:

"Seattle, Wash.,
"June 8, 1926.

"AGREEMENT BETWEEN L. V. SMART AND J. W. & N. F. WALL & J. R. SMART

"Received of L. V. Smart the sum of one hundred dollars ($100) as part payment of two thousand dollars ($2,000), being the purchase price of any and all rights we might now hold in the operation of an auto freight service between Portland, Oregon, and Olympia and Tacoma, Washington, it being understood said L. V.

[1]Reported in 272 Pac. 711.

Smart is to make application to the department of public works for a certificate of public convenience and necessity to operate such a service, and upon his being granted the same, we in turn will make subsequent application to have placed on our present certificate such limitations so as to exclude service to and between Olympia and Tacoma, Washington, and Portland, Oregon. This agreement is made for the purpose of our giving the through service between Portland, Oregon, and Seattle, Washington, without any service being rendered to points, namely, Olympia and Tacoma, Washington.

"The above agreement is contingent upon the department of public works granting said L. V. Smart a certificate and the willingness of said department of public works to place such limitations as stated on our present certificate, these being the only stipulations, and at the expiration of thirty days from this date if such agreement is not consummated we will return to L. V. Smart said one hundred dollars ($100) without further action on his part.

"PORTLAND-SEATTLE AUTO FREIGHT Co.
"J. W. Wall,
"N. F. Wall,
":J. R. Smart.

"Witness: C. O. Moen."

Shortly thereafter defendant, in accordance with the terms of this agreement, paid to plaintiff and his associates the sum of fifteen hundred dollars in cash, and executed in plaintiff's favor, to cover the balance of the two thousand dollar payment called for by the agreement, his note for five hundred dollars, bearing date July 7, 1926.

Defendant failing to pay this note according to its terms, plaintiff brought this suit thereon; defendant by his answer admitted the execution of the note, but alleged a want of consideration therefor, and pleaded affirmatively, by way of a cross-complaint, the instrument above set forth, the payment by defendant of the sum of fifteen hundred dollars in cash thereunder,

together with the execution by him of the promissory note sued upon, and alleged violation by plaintiff of the terms of the agreement. Defendant prayed that plaintiff's action be dismissed, and that he recover judgment against plaintiff for the sum of fifteen hundred dollars. A reply was filed to the affirmative matter contained in defendant's answer, and the case proceeded regularly to trial before the court, without a jury; the trial resulted in judgment in plaintiff's favor on the note sued upon, from which judgment defendant appeals.

It appears from uncontradicted testimony that respondent and his associates never applied to the department of public works of Washington to have placed on their certificate of public convenience and necessity, under which certificate they had been operating as interstate carriers of freight between Seattle, Tacoma and Olympia, Washington, and Portland, Oregon, any limitation which would exclude the right under such certificate to maintain the service between Tacoma and Olympia on the one hand, and Portland on the other, which they had theretofore been conducting.

It further appears that, on or about March 1, 1927, respondent and his associates sold the remaining portion of their business to Messrs. Beard and Cadwell, who formed a corporation named Portland-Seattle Auto Freight Company, and conducted the same as a common carrier for the hauling of interstate commerce between Seattle, Tacoma and Olympia, Washington, and Portland, Oregon, thus invading the field of appellant's operations. At the opening of appellant's case his counsel stated:

"Our defense sets up this entire question of consideration; that we paid fifteen hundred dollars on this contract, and that we have been virtually defrauded

out of that by their assigning all rights to Beard & Cadwell.''

It is evident that, under the decisions of the supreme court of the United States in the cases of *Buck v. Kuykendall,* 267 U. S. 307, 69 Law Ed., 623, and *Bush v. Maloy,* 267 U. S. 317, 69 Law Ed. 627, Messrs. Beard & Cadwell could engage in business as common carriers of interstate freight without being subject to interruption by the department of public works of Washington, unless possibly for some infraction of the laws of this state, with which possibility we are not concerned in this action.

It does not appear that respondent or his associates, after their agreement with appellant, engaged in business as a carrier of freight between Tacoma or Olympia, and Portland, in violation of their agreement with appellant. The agreement between the parties contains no provision limiting respondent or his partners in their right to sell the remainder of their business and their trade name to any third party, and, in the absence of such an agreement, it not being contended that the sale to Messrs. Beard and Cadwell was colorable only or made in bad faith, we cannot find that appellant has any just cause of complaint based upon the fact that respondent and his partners so disposed of their business.

This sale to Messrs. Beard & Cadwell seems to be the act of which appellant really complains, as stated by his counsel at the opening of appellant's case, but we can find no grounds upon which appellant can justly complain of this sale.

As above stated, respondent and his associates failed to have entered upon their certificate of public convenience and necessity any limitation excluding from the service they were entitled to render to the public thereunder the carrying of freight between Ta-

coma and Olympia, Washington, and Portland, Oregon. The trial court was of the opinion that this was an entirely immaterial matter, as it did not appear on the trial that the business in which respondent was interested had in fact, during the period respondent was conducting the same business after the sale to appellant and prior to the sale to Messrs. Beard & Cadwell, carried any freight between the cities last mentioned, and because, upon the sale of the business to Messrs. Beard & Cadwell, they could have demanded and received a new certificate authorizing them to engage in business as interstate carriers, and carried freight between all the cities mentioned in the agreement between respondent and appellant, or they could have engaged in such business without any certificate at all.

It was perfectly competent for the parties to enter into the agreement above set forth and for respondent and his partners to sell to appellant the good-will of their business as common carriers of interstate freight between Tacoma and Olympia and Portland. In this agreement respondent did not obligate himself to continue in business as a common carrier between Seattle and Portland. He could have ceased to engage in this business a month or a week after the agreement was entered into, and if he so abandoned his business in good faith, appellant could not have complained if some third party had immediately commenced a new business and included Tacoma and Olympia therein; neither did respondent agree not to sell so much of his business as he retained, and had the limitation referred to in the agreement been entered upon respondent's certificate of necessity, this would have availed appellant nothing, as the purchaser of respondent's business and good-will could have immediately obtained a new certificate, free from any such restrictions or limitations. Respondent excuses his failure

338

to have the limitations entered on his certificate by saying that it was a vain and useless thing to do, and it seems to us that his excuse is sufficient.

The trial court found that the contract between the parties was fully performed by respondent in every material particular, with which finding we concur. We are of the opinion that appellant received everything of value which he was entitled to demand under his agreement with respondent. He received just as much as he would have received had the limitation referred to in the agreement between the parties been entered by the state department of public works upon respondent's certificate of necessity.

Under the decisions of the supreme court of the United States, the issuance by the department of public works of Washington of a certificate of convenience and necessity to a common carrier engaged only in interstate commerce seems to follow as a matter of course upon the filing of an application therefor.

We are unable to find any basis for the claim that the limitation upon respondent's certificate, had the same been noted thereon by the department of public works, would have been effective for any purpose whatsoever. Had respondent procured such a notation on his certificate and then violated the same, the state of Washington surely would have taken no action to prevent respondent from hauling freight as he desired, and we cannot see how the department of public works could have lawfully refused at any time to issue respondent a new certificate, free from the limitation, upon respondent's making a proper application therefor.

Appellant purchased from respondent and his partners the good-will of their business, in so far as the same concerned the cities above mentioned. This, apparently, appellant received, and the fact that a dozen

other persons might have started to conduct similar businesses the day after appellant paid respondent his money, would, in the absence of fraud or bad faith, have no wise affected the contract between these parties.

We are not advised as to just exactly of what the good-will of this business consisted, but we are not concerned with whether appellant paid too much or too little for his bargain. He had in the first instance himself sold this transportation business to respondent, and he certainly must have been familiar with every detail concerning it.

What we have said applies with equal force to appellant's claim against respondent for the fifteen hundred dollars which he had already paid. The trial court was correct in awarding respondent judgment and in denying appellant any relief.

The judgment is affirmed.

FULLERTON, C. J., MITCHELL, TOLMAN, and HOLCOMB, JJ., concur.