### GALVESTON TRUCK LINE CORPORA-TION v. ALLEN et al.
### No. 218.

District Court, S. D. Texas, Galveston Division.
Jan. 11, 1933.

Thornton & Markwell, of Galveston, Tex., for complainant.

James V. Allred, Atty. Gen. of Texas, and Elbert Hooper, Asst. Atty. Gen. of Texas (Claude Pollard, of Austin, Tex., J. L. Stewart, of Houston, Tex., and Herbert L. Smith, of Austin, Tex., of counsel), for respondents.

Before HUTCHESON, Circuit Judge, and GRUBB and KENNERLY, District Judges.

PER CURIAM.

Plaintiff brought its bill in August against the members of the Railroad Commission, the Governor of Texas, the Attorney General, the sheriff and county attorney of Galveston county, Tex., for an injunction restraining them from interfering with plaintiff in the operation of its trucks over the highways of Texas in interstate commerce. It prayed for a temporary restraining order, the granting of interlocutory injunction, and on final hearing a perpetual injunction.

On the 2d of September plaintiff filed its first amended bill alleging what had been presented in the first bill, and in addition alleging that though its application for a permit to do such business had been filed with the Railroad Commission for many months, and though it had complied, and offered to comply, with all of the provisions of the law properly applicable to it, the commission had refused to act on the application, in effect denying it. It asked the same relief asked in the bill above. No temporary restraining order was issued, but the cause was set for hearing on the application for interlocutory injunction before the statutory court.

Respondents, answering, denied that they had refused to hear or consider plaintiff's application. They alleged that plaintiff had first applied generally for a permit to operate as a contract carrier; that that permit, upon hearing, had been denied on the ground that the territory was already adequately served; that thereafter, applicant requesting that it be heard upon its application for a permit to operate as a contract carrier solely in interstate commerce, the commission proceeded to hear this application, and the matter is still in process of hearing.

Upon the understanding that the commission's finding when made, if made before the court had acted on the application, could be filed as part of the record, the cause was submitted on the application for interlocutory injunction and on the merits.

Thereafter the commission filed its order. It found that the applicant had, as to thirteen specified trucks, sufficiently complied with the provisions of the law as to equipment, safety, etc. It granted a permit to operate these trucks in interstate commerce into and out of the state of Texas. Asserting, however, that it had a right to refuse upon considerations of public necessity and convenience, a permit to engage in interstate commerce wholly within the state of Texas it refused to grant applicant permission to engage in such commerce until after a hearing had been had on whether the territory sought to be served in that business was already adequately served by common carriers, and as to the effect the granting of the permit would have on such carriers.

Without extended discussion, we think it sufficient to say that we find the action of the commission in refusing to issue the permit requested was wholly without warrant of law. Upon the application and showing made that

plaintiff intended to and would engage only in interstate commerce, and that it had complied with all of the provisions of the statute properly applicable to the doing of such business, it was the duty of the commission to issue the permit. Sage v. Baldwin (D. C.) 55 F.(2d) 968, 970.

While it is true that the cases in which it has been laid down that a state commission might not, upon considerations of public convenience and necessity, refuse a permit to persons for the operation of trucks engaged wholly in interstate commerce, had to do with commerce coming into and out of the state, that is, movements actually crossing state lines,[1] no difference in principle can, we think, be drawn between a link in interstate commerce which operates wholly within a state, and one which crosses the state line. Since, therefore, the refusal by the commission to issue a permit is based, not upon considerations, of traffic safety, or of the protection of the highways from injury to them, or from congestion thereof, but only of the commerce itself and the business of those who transport it, that is, of whether there is already adequate provision for handling such commerce and the effect upon those engaged in it which the granting of the permit will have, the ruling necessarily operates as a burden on interstate commerce and may not stand.

It follows that if the commission persists in withholding the permit, plaintiff may have its injunction against being interfered with in the doing of interstate commerce merely because it has no permit. We assume, however, that the permit will now be granted, and in order that the defendants may not be embarrassed in their administration as to plaintiff of the provisions of the statute which are applicable to it, and specifically in the exercise of their right to prevent plaintiff from engaging, without permit, in intrastate commerce, no final order will now be entered, but an interlocutory order will be, restraining the defendants from, until final orders, preventing plaintiff from engaging in interstate commerce on the ground that it has no permit. If within ten days the permit is issued, final order will be entered denying the injunction. If within that time the permit is not issued, the interlocutory order will be made permanent.

[1] Michigan P. U. Com. v. Duke, 266 U. S. 570, 571, 45 S. Ct. 191, 69 L. Ed. 445, 36 A. L. R. 1105; Buck v. Kuykendall, 267 U. S. 307, 313, 45 S. Ct. 324, 69 L. Ed. 623, 38 A. L. R. 286; Sage v. Baldwin, supra, where the authorities are collected.