## Commonwealth v. One Dodge Motor Truck

*Milton E. Harris*, for petitioner.

MARSHALL, J., November 20, 1935.—On July 24, 1935, officers of the Pennsylvania Liquor Control Board seized 44 cases of liquor and a Dodge truck on which they were

loaded, on the ground that the carrier did not have a transporter-for-hire permit from the Commonwealth. It appears that 39 of the 44 cases of liquor were being shipped from Schenley, Pa., to a point out of the State, and that the five other cases had been shipped from the State of Kentucky, consigned to a point out of the State. These five cases of liquor which had been shipped from Kentucky were transferred from the original carrier to another carrier within the Commonwealth, preparatory to being transported out of the State of Pennsylvania.

### Question Involved

Is a trucker engaged in transporting alcoholic liquids from Pennsylvania into other States subject to the provisions of the Act of February 19, 1926, P. L. 16, as amended by the Act of December 8, 1933, P. L. 57, declaring it to be unlawful for any person without a permit to transport for hire any alcoholic liquids?

### Discussion

Two petitions were presented and rules to show cause were granted, but both petitions involve the same questions of law and will, therefore, be discussed jointly. No answers were filed to the petitions filed, and the Special Deputy Attorney General representing the control board agreed that the facts therein set forth are true.

American Motor Lines is a partnership engaged in the transportation of freight by motor truck from Pittsburgh, Pa., Baltimore, Md., and Washington, D. C., and it is engaged solely in interstate commerce. The Commonwealth contends that, under article I, sec. 8, of the Constitution of the United States, Congress has the power to regulate commerce, and in the exercise of such power has enacted legislation which, to a large extent, excludes intoxicating liquor from the protection of interstate commerce and makes it subject to the provisions of the State laws relative to the control of liquor.

Attention is called to the Act of Congress of August 8, 1890, 26 Stat. at L. 313, known as the Wilson Act, which

provides that intoxicating liquors transported into any State for sale or storage therein shall immediately, on arrival, be subject to the laws of such State in the same manner as if such liquors had been produced in said State, and shall not be exempt therefrom by reason of their being introduced in original packages. Our attention was called by counsel for the Commonwealth to the Webb-Kenyon Act, passed March 1, 1913, 37 Stat. at L. 699, wherein it is provided that intoxicating liquors are divested of their interstate character in certain cases, and it is contended that said act applies in the case before us. We do not dispute that the acts before mentioned apply in certain cases, but they do not control the matter before us. We believe that liquor sent from Kentucky to Pennsylvania, temporarily awaiting the securing of another carrier to take it to another State, is still being transported. Counsel for the Commonwealth calls attention to the Twenty-first Amendment of the Constitution of the United States, which reads as follows:

"The transportation or importation into any State, Territory, or possession of the United States for delivery or use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited."

It is argued that the State of Pennsylvania has a right to make a reasonable regulation in regard to the securing of a permit by a transporter and that this regulation which the State attempted by requiring a permit and the placing of a bond as required by the Act of December 8, 1933, P. L. 57, is regular and proper.

A close reading of the Twenty-first Amendment leads us to believe that what Congress intended was that the States should be given the power to regulate the control of the liquor traffic in said States, but the amendment was never intended, in our judgment, to place a burden on interstate commerce. This question has been decided many times.

The case of Rhodes v. Iowa, 170 U. S. 412, decided that a statute of Iowa making it an offense for any common

carrier to convey for any other person any intoxicating liquors, without first having been furnished with a certificate from the county in which the liquor was to be imported or was consigned for transportation, or within which it was to be conveyed from place to place, certifying that the consignee was authorized to sell, could not be made to apply to a shipment from another State before the arrival of the consignment, without causing the statute to be repugnant to the Constitution.

The Act of December 8, 1933, P. L. 57, sec. 3, provides as follows:

"It shall be unlawful for any person, without a permit from the Commonwealth obtained as hereinafter provided, except as exempted by section five hereof, to manufacture, produce, distill, develop, or use in the process of manufacture, denature, redistill, recover, rectify, blend, reuse, hold in bond, hold in storage as bailee for hire, or transport for hire, within this Commonwealth, any alcohol or alcoholic liquid".

The same act provides for a fee of $100 for the said permit, together with a bond in the sum of $10,000, conditioned for the faithful performance of all of the laws of the Commonwealth relating to alcohol or alcoholic liquids. The act provides for the forfeiture of property transported without a permit as required by the act.

In our judgment, the Act of 1933 is unconstitutional insofar as it affects interstate commerce. If this were not true, every State could regulate the traffic of liquor through it, and the net result would be that such a burden would be placed upon interstate commerce as virtually to prohibit it. In support of our opinion, we cite the case of Bush & Sons Co. v. Maloy et al., etc., 267 U. S. 317. This case involved a statute of Maryland prohibiting common carriers of freight from using public highways over specified routes without a permit, and requiring a committee to investigate the expediency of granting a permit and permitting the said committee to refuse a permit if it deemed it prejudicial to the welfare of the public.

This act was held unconstitutional insofar as it applied to interstate commerce.

The case of Buck v. Kuykendall, etc., 267 U. S. 307, is decided along practically the same lines. We do not believe that the legislature, in passing the Act of 1933, intended to cover the field of interstate commerce, and if the State officers attempt to place this interpretation upon the act it is in derogation of the Constitution of the United States.

Rule to show cause is made absolute as to both petitions.

### Order

And now, to wit, November 20, 1935, petitions for rule to show cause at no. 117 June sessions, 1935, and no. 137 June sessions, 1935, are made absolute, and it is ordered, adjudged and decreed that the Dodge motor truck and the alcoholic liquor mentioned in said petitions be returned to the lawful owners thereof, or to the common carrier engaged in hauling the same.