INTERSTATE TRANSIT CORPORATION *vs.* DIVISION OF
PUBLIC UTILITIES.
SAME *vs.* SAME.
SAME *vs.* SAME.
JANUARY 13, 1937.
PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

CONDON, J. These are three appeals taken by the same appellant from an order of the division of public utilities granting to John B. Bowen a certificate to operate motor vehicles over a fixed route as a common carrier of passengers in interstate commerce in compliance with the provisions of General Laws, 1923, Chapter 254. All three appeals raise the same issues and will therefore be considered here as one appeal.

The facts which gave rise to this controversy may be briefly stated. On September 20, 1935, Bowen filed his application for a certificate to operate in interstate commerce between Attleboro, Massachusetts, and Providence, Rhode Island, as a motor carrier of passengers over certain specified streets in the cities of Pawtucket and Providence in this State, in compliance with said Chap. 254. On September 26, 1935, the division of public utilities notified Bowen by letter that a hearing on his application could not be held before October 1, 1935, on which date the Federal Motor Carrier Act of 1935 would be in effect, and that

by that act the Interstate Commerce Commission would be vested with the power to regulate all transportation by motor carriers in interstate commerce. In this letter, Bowen was advised to make his application to the commission. In the meantime, on September 30, 1935, the commission, in accordance with authority given to it, postponed the effective date of the act to October 15, 1935. Bowen filed an application with the division of motor vehicles of this State for jitney registration plates for his vehicles and on October 14, 1935, upon the advice of the attorney general of the State, that division issued the plates. Bowen commenced operating in interstate commerce on that very day. After the division of motor vehicles had thus acted, the division of public utilities ordered a hearing to be held on October 29, 1935, on Bowen's application of September 20, 1935.

This hearing was attended by Bowen and the public service engineer of the City of Providence and counsel for the appellant. A fair opportunity was given to all interested persons to testify, or otherwise present their objections to the granting of the application. The division found that: "There was no testimony to show that traffic on the highways prescribed was such that by adding to same the public safety would be threatened, nor that traffic congestion would result." And it further found that the delay in holding the hearing was due to its own misunderstanding of its authority in the matter. Accordingly it issued its order, effective as of September 20, 1935, granting to Bowen a certificate to operate his motor vehicles as a common carrier over the route specified in his application.

The appellant contends that this certificate is null and void on the grounds that (1) the notice of the public hearing was not given to all interested parties named in the statute; (2) the division was without authority to issue a certificate effective prior to the date of the hearing, and (3) the order is arbitrary and unreasonable and unsubstantiated by any evidence at the hearing.

The contention of the appellee is that the appellant is not a person or party aggrieved by the order of the division within the meaning of the statute (G. L. 1923, Chap. 254, Sec. 9) and is therefore not entitled to a determination by this court of the questions raised.

We think the appellant argues from a misconception of the object of the hearing of October 29th. That hearing was for the purpose of enabling the division of public utilities to determine whether or not the public safety would be endangered by the addition of Bowen's vehicles to the stream of traffic already flowing on the streets specified in his application, and also whether it would injuriously affect the orderly regulation of such traffic. It was not held for the purpose of determining whether public convenience and necessity required or justified the service of another common carrier of passengers over the route specified. This latter object was not within its province to decide nor for the State legislature to legislate upon, because it involved primarily a regulation of interstate commerce. *Buck* v. *Kuykendall*, 267 U. S. 307; *Newport Electric Corp.* v. *Oakley*, 47 R. I. 19. The first-mentioned object was an exercise of the police power, and was within the power of the State division of public utilities to decide, on grounds of public safety, whether or not to grant the application. *Bradley* v. *Public Utilities Comm.*, 289 U. S. 92.

In the instant case the division kept within its proper province and did not attempt to regulate interstate commerce, except only incidentally as required for public safety. This is evident from its finding above quoted. The test employed by it in reaching its decision was congestion of the streets. It rightly ignored any question of the adequacy of existing transportation service of a kind similar to what Bowen proposed to render, or of the effect which the competition of a new carrier would have upon the appellant's business, or upon the public, except as to public safety.

From the viewpoint of competition in the interstate carriage of passengers by motor vehicles, the appellant may have had a direct personal interest as to the issuance of a certificate to Bowen. But if this was the fact, it was not material in this case; and there is nothing whatever in the record before us to indicate that, from the viewpoint of public safety and the conservation of the public highways, the appellant, a foreign corporation, had any direct personal interest as to the issuance of such certificate. Therefore, it cannot be held to be a person aggrieved by either the manner in which the division held the hearing or by the decision which it made. *Tillinghast* v. *Brown University*, 24 R. I. 179; *Smith* v. *Whaley*, 27 R. I. 185; *Standard Oil Co.* v. *Board of Purification of Waters*, 43 R. I. 336, 338; *Public Service Ry. Co.* v. *Hackensack Improvement Comm.*, 5 N. J. Misc. 236, 136 Atl. 189.

The division had no power to grant to Bowen the right to engage in the interstate transportation of passengers in motor vehicles. In the absence of regulation by congress, he already possessed that right. The most that the division could do was to limit the enjoyment of that right within this State by denying to him the use of certain public highways upon adequate evidence that such denial was necessary to promote the public safety. *Bradley* v. *Public Utilities Comm., supra.* In the instant case the division merely found on the evidence that it was not necessary in the interest of public safety to deny him permission to use such streets in the exercise of his constitutional right to engage in interstate commerce, free from State interference, except in the legitimate exercise of the police power. It is clear that, on this view of the matter before the division, the appellant has not shown itself to be a person aggrieved within the meaning of G. L. 1923, Chap. 254, Sec. 9.

But the appellant contends that in any event the division had no right to date the certificate prior to the date of the hearing, and as of the date of the application, Sep-

tember 20, 1935. It argues that it was aggrieved by this act of the division because of its possible or probable importance in affecting the appellant's rights before the Interstate Commerce Commission upon any application by Bowen to said commission for permission to engage in the interstate transportation of passengers by motor vehicle under the Federal Motor Carrier Act of 1935. This argument is based on Sec. 206 (b) of said act, which provides substantially that anyone engaged in interstate commerce as a common carrier by motor vehicle on the effective date of the act may continue such operation for a period of one hundred and twenty days thereafter without a certificate from the Interstate Commerce Commission, and that if application is made for such certificate within that period, the carrier is permitted to continue operating until otherwise ordered by the commission.

Conceivably, under this provision of the federal law, and taken in connection with actual operation by Bowen, beginning on October 14, 1935, his possession of a certificate, dated September 20, 1935, from the Rhode Island division of public utilities, permitting him to operate over certain highways in Rhode Island, might be of some consequence in enabling Bowen to continue in competition with the appellant. But who is to say what construction the commission will put upon the provision of the federal act above cited? They may hold that actual operation in interstate commerce with or without such State certificate will be sufficient to entitle an applicant to the benefit of this provision. What the commission may require we do not undertake to say. We cannot see that the possibility that operation on October 15, 1935, with the consent of the State may be required by the commission constitutes the appellant a person aggrieved under our statute. Therefore the question whether the State division of public utilities exceeded its authority in predating as it did its certificate to Bowen is not properly before us for decision.

For the reasons stated, the appellant's appeals from the

order granting the petitioner Bowen's application are denied and dismissed, and the order appealed from is sustained.

*William A. Needham,* for appellant.

*McKiernan, McElroy & Going, John C. Going,* for John B. Bowen.

*John P. Hartigan,* Attorney General, *John E. Mullen,* 4th Asst. Atty. G., for appellee.