## UNITED STATES v. UNION PAC. R. CO. et al.

District Court, D. Idaho, S. D.

Sept. 21, 1937.

John A. Carver, U. S. Dist. Atty., and E. H. Casterlin and Frank Griffin, Asst. U. S. Dist. Attys., all of Boise, Idaho.

H. B. Thompson, of Pocatello, Idaho, for defendants.

CAVANAH, District Judge.

The defendants present a demurrer and motion to quash the information upon the principal grounds: (1) That the acts alleged in the information are lawful and consistent with the provisions of the last proviso of section 206(a) of the Motor Carrier Act of 1935 (49 U.S.C.A. § 306(a) and the issuance of authority by the state

of Idaho, to lawfully operate as a common carrier of passengers or property for hire solely within the state of Idaho; and (2) that the information does not negative the exception contained in the last proviso of section 206(a), Motor Carrier Act 1935, in that it fails to allege that at the times therein mentioned the defendants had no permit from the Public Utilities Commission of the state of Idaho, authorizing them to lawfully engage in the transportation of passengers or property as a common carrier within the state of Idaho.

The particular provision of the Motor Carrier Act of 1935 which is alleged to have been violated by the defendants is section 206(a) which so far as material reads: "No common carrier by motor vehicle subject to the provisions of this part [chapter] shall engage in any interstate or foreign operation on any public highway, or within any reservation under the exclusive jurisdiction of the United States, unless there is in force with respect to such carrier a certificate of public convenience and necessity issued by the Commission authorizing such operations. * * * And provided further, That this paragraph shall not be so construed as to require any such carrier lawfully engaged in operation solely within any State to obtain from the Commission a certificate authorizing the transportation by such carrier of passengers or property in interstate or foreign commerce between places within such State if there be a board in such State having authority to grant or approve such certificates and if such carrier has obtained such certificate from such board. Such transportation shall, however, be otherwise subject to the jurisdiction of the Commission under this part [chapter]."

The charging portion of count 1 of paragraph 7 of the information, and each succeeding count being the same except for dates, charges: "That on, to-wit, December 21, 1936, in the State and District of Idaho, and within the jurisdiction of this Court, the said Union Pacific Railroad Company, a corporation, common carrier by motor vehicle as aforesaid, and the Union Pacific Stages, Incorporated, a corporation, common carrier by motor vehicle as aforesaid, in the manner and form aforesaid, unlawfully did knowingly and wilfully engage in an interstate operation on the public highway between Shoshone, Idaho, and Sun Valley Lodge, Idaho, without there being then and there in force with respect to said Union Pacific Railroad Company and said Union Pacific Stages, Incorporated, or either of them, a certificate of public convenience and necessity issued by the Interstate Commerce Commission, authorizing such operations; contrary to the form of the Statute in such case made and provided and against the peace and dignity of the United States."

The correct rule relating to the necessity of negativing the exception contained in the proviso of the section of the statute is found in Foster's Federal Practice (6th Ed.) at section 497b, which reads as follows: "When the statutory description of the crime contains exceptions, such exceptions must be negatived in the indictment; but this is only necessary when the exception is such as to render its negation an essential part of the definition of the offense. If the language creating the offense is so completely separable from the exception that the essential ingredients of the offense may be accurately and clearly defined without any reference to the exception, it need not be negatived thereto, but it is a matter of defense. There is no need of negativing an exception."

Applying then this rule to the present act, we find that the offense set forth in section 206(a) is fully described in the first clause, as follows: "No common carrier by motor vehicle subject to the provisions of this part [chapter] shall engage in any interstate or foreign operation on any public highway, or within any reservation under the exclusive jurisdiction of the United States, unless there is in force with respect to such carrier a certificate of public convenience and necessity issued by the Commission authorizing such operations." The language in the first clause of the act is completely separable from the exception in the subsequent clause, so that the essential ingredients of the offense may be accurately and clearly defined without any reference to the exception. The exception here need not be negatived as this is a matter of defense. Hockett et al. v. United States (C.C.A.9) 265 F. 588.

While it seems not necessary to plead facts which negatives the existence of the exception, yet the government has pleaded facts negativing the existence of the exception contained in the last proviso of section 206(a).

The character of the operation under the information was interstate commerce,

for we find it is alleged that the railroad company by rail, from points outside of the state of Idaho, to Shoshone, Idaho, and thence by motorbus to Ketchum and Sun Valley Lodge, Idaho, falls within the description of interstate commerce. The movement of the passengers by the motorbus was a part of a continuous interstate passage. Baer Brothers, etc. v. Denver & R. G. Ry. Co., 233 U.S. 479, 34 S.Ct. 641, 58 L.Ed. 1055; Norfolk & W. R. Co. v. Pennsylvania, 136 U.S. 114, 10 S.Ct. 958, 34 L.Ed. 394.

■ Recognizing the rule of statutory construction, that an exception in a statute is to be strictly construed and any one who claims to be relieved from its operation is required to establish that he comes within the words of the exception. Spokane & Inland E. R. Co. v. United States, 241 U.S. 344, 36 S.Ct. 668, 60 L.Ed. 1037; Baltimore & Ohio S. W. R. Co. v. United States (C.C.A.) 242 F. 420; Id., 248 U.S. 540, 39 S.Ct. 133, 63 L.Ed. 411.

■ It is clear that there must be a concurrence of the three conditions before the exception in the statute is effective, namely: (1) The common carier by motor vehicle must be lawfully engaged in operation solely within a state; (2) there must be a board in such state having authority to grant or approve "such certificate;" and (3) the carrier must have obtained "such certificate" through such board.

■ As to the second proviso, "if there be a board in such State having authority to grant or approve such certificates," it is now definitely held that the state board has no authority to grant certificates of public convenience and necessity to those engaged in interstate commerce operations. Buck v. Kuykendall, 267 U.S. 307, 45 S. Ct. 324, 69 L.Ed. 623, 38 A.L.R. 286; Bush & Sons v. Maloy, 267 U.S. 317, 45 S.Ct. 326, 69 L.Ed. 627.

■ While the act of Congress refers to both certificates and permits, we find that the terms "certificates" and "permits" used by the statute have been distinguished by Congress, for in section 203(a), 49 U.S.C. A. § 303(a), the term "Board" or "State Board" is defined as having jurisdiction "to grant or approve certificates of public convenience and necessity or permits to motor carriers * * * in intrastate commerce over the highways of such State." The definition there not only relates to certificates but permits and intrastate commerce. Common carriers by motor vehicles in the state are regulated pursuant to sections 59-801 to 59-817, Idaho Code Annotated, which requires the issuance of a permit by the Public Utilities Commission of the state and it is there provided: "Neither this chapter nor any provision thereof shall apply or be construed to apply to commerce with foreign nations or commerce among the several states of this union, except in so far as may be permitted under the provisions of the constitution of the United States and the acts of congress." Section 59-815. Thus it will seem that by the state statute the granting of permits and certificates of public convenience is confined to intrastate operations and not to interstate commerce operations.

■ And further it would be observed that the charging portion of the information charges that the defendants did not obtain certificate of public necessity issued by the Interstate Commerce Commission authorizing such operation, which is all that is necessary under the act to be pleaded in stating a complete offense, and the proviso relied upon by the defendants to be pleaded appears to be separate from the portion of the act defining the offense, which, as has been said, is a matter of defense to be considered. It seems to apply to carriers lawfully engaged in operations solely within the state.

The facts in the charging portion of the information states that the defendants when in operating busses within the state were engaged in interstate commerce operations.

As to the alleged ground of defects or misjoinder of parties defendants, that seems to have been abandoned on the argument and in the briefs.

The information sets forth facts sufficient charging a violation of the act of Congress, the demurrer and motion to quash will be overruled.