## GULF COAST MOTOR FREIGHT LINES, Inc., v. UNITED STATES et al.

### Civ. No. 317.

District Court, S. D. Texas, Houston Division.

April 17, 1940.

J. J. Shaw, of Houston, Tex., and Amos M. Felts, of Austin, Tex., for plaintiff.

Scott & Wilson, of Waco, Tex., and Baker, Botts, Andrews & Wharton, of Houston, Tex., for defendant.

Before HUTCHESON, Circuit Judge, and KENNERLY and BRYANT, District Judges.

HUTCHESON, Circuit Judge.

Plaintiff applied to the commission under the two provisos of Section 306(a), 49 U. S.C.A., the first, or "grandfather" proviso; the second or certificate clause.[1] At the hearing it made no serious effort to make proof under the first proviso, but rested its rights upon the second proviso and a permit or certificate, it had obtained from the Texas State Commission, not of public convenience and necessity, but that its operation in interstate commerce between named points in the state of Texas would not injuriously interfere with or affect the highways or the safety of public travel thereon. The commission, finding that plaintiff was not in bona fide operation under the "grandfather" clause and that the certificate it held was not the kind of certificate the second proviso dealt with, refused plaintiff's application under both provisos. In this suit, plaintiff, not at all basing its claim upon the "grandfather" proviso, directs its whole attack, upon the order, to the action of the commission in refusing to recognize its state certificate as a compliance with the second proviso.

The issue in this case is very simple and should be as simply decided. It is whether the State Board Certificate the second pro-

---

[1] "And Provided further, That this paragraph shall not be so construed as to require any such carrier lawfully engaged in operation solely within any State to obtain from the Commission a certificate authorizing the transportation by such carrier of passengers or property in interstate or foreign commerce between places within such State if there be a board in such State having authority to grant or approve such certificates and if such carrier has obtained such certificate from such board. Such transportation shall, however, be otherwise subject to the jurisdiction of the Commission under this part [chapter]."

viso deals with must be one of public convenience and necessity, as the Interstate Commerce Commission has held in this case, or may be merely a certificate or permit from the commission under its police powers certifying that interstate traffic by the carrier between named points in the state will not injure the highway or affect public safety thereon.

The argument of Gulf Coast, in insisting that it may be the latter, runs directly counter to McDonald's argument in his case, that the state commission has no jurisdiction to issue permits or certificates of any kind to do interstate business between Texas points and that operation without such a certificate does not affect an operator's bona‧fides.

■ We think it quite plain that McDonald is wrong in his claim; that the state commission is without authority of any kind over those doing a purely interstate business; and that his controversy with the state commission did not affect his bona fides, and we have said so in his case this day decided. We think it equally plain that Gulf Coast is wrong in its claim that a state commission certificate or permit to carry interstate is a certificate within the second proviso of 306 (a). The truth of the matter is to be found here. The state commission undoubtedly has the right to prevent or permit operation interstate between named points on particular highways on considerations of the safety of the highway and of the public traveling thereon. McDonald v. Commission, 35 F.Supp. 132, this day decided. But, permits granted on these considerations are not certificates of public convenience and necessity, which based upon considerations of traffic needs, the state commission is primarily charged with issuing or with holding for intrastate operation in accordance with those needs. It is this kind of certificate with which the second proviso deals.

■■ It will not do, as Gulf Coast contends, to say that this proviso overcondensed at the expense of clarity, by the use eight times in a single sentence of the word "such", deals with a police permit "such" as Gulf Coast holds from the State Commission. For, awkwardly worded as it is, the proviso leaves in no doubt that the certificate from the Interstate Commerce Commission which it exempts a carrier from obtaining is a certificate of public convenience and necessity, and that the certificate of a state board which secures

the exemption, is "such" a certificate, that is, a certificate of public convenience and necessity. It is not claimed here that the state permit or certificate Gulf Coast has, is "such" a certificate, that is, one of public convenience and necessity. Indeed, it could not be so claimed, both because it is contrary to the face of the certificate which shows not a certificate authorizing the carriage of freight but merely a permit to use the highways, and because it is settled both by federal and state court decisions that it is beyond the constitutional power of the state commission to permit or prohibit carriage interstate on grounds of public convenience and necessity. Buck v. Kuykendall, 267 U.S. 307, 45 S.Ct. 324, 69 L.Ed. 623, 38 A.L.R. 286; Bush & Sons Co. v. Maloy, 267 U.S. 317, 45 S.Ct. 327, 69 L.Ed. 627; Galveston Truck Line Corp. v. Allen, D.C., 2 F.Supp. 488; Texport Carrier Corp. v. Smith, D.C., 8 F.Supp. 28; Sage v. Baldwin, D.C., 55 F.2d 968; Winton v. Thompson, Tex.Civ.App., 123 S.W.2d 951; Railroad Comm. of Texas v. Southwestern Greyhound Lines, Tex.Civ.App., 92 S.W.2d 296; cf. United States v. Union Pacific Railway Company, D.C., 20 F.Supp. 665. Nor is complainant any better served by its argument that the proviso in effect grants to State Boards the authority to issue certificates of public convenience and necessity to carriers carrying interstate between points solely within the state. For the very terms of the proviso, "if there be a board in 'such' state having authority to grant or approve 'such' certificate", thus conditioning the certificates upon the existence in a state of a board having "such" authority, flatly show that Congress is invoking power already in existence, as flatly exclude the idea that Congress is granting power.

The proviso could certainly have been more clearly drawn. But, construed within itself and in relation to the whole act as well as in the light of conditions existing when it was passed, it is plain enough that what the proviso purports to do, and what it does is, to exempt from the necessity of obtaining an interstate certificate of public convenience and necessity as to interstate carriage between points in the state, every carrier holding a state certificate of public convenience and necessity to carry between those points. And the reason for this is not hard to see. For "such" carrier having already satisfied its burden of showing the existence of public convenience and necessity for its service as a carrier be-

tween those points, ought not to be required to make a showing of public convenience and necessity as to the same route merely because they haul between those points, good moving both in inter and in intrastate commerce.

It would, we think, be a complete negation both of the purpose and purport of the statute to hold that it permits a carrier having no state certificate of public convenience and necessity to operate in interstate commerce without securing such a certificate from the Interstate Commerce Commission, merely because it had procured from the state commission a certificate or permit not permitting it as a certified carrier, to carry freight between named points in interstate commerce but permitting it the use of certain highways on the ground that the use would not injure the highways or affect public safety thereon.

The complaint is without merit and will be dismissed.