In re George C. COLE, a/k/a Clarence Cole and, Bessie L. Cole, Debtors.

George C. COLE, a/k/a Clarence Cole, Plaintiff,

v.

PIONEER VALLEY CREDIT UNION, f/k/a Westover Credit Union, Defendant.

Bankruptcy No. 4–80–00700–G.
Adv. No. 4–81–0165–G.

United States Bankruptcy Court, D. Massachusetts.

Aug. 10, 1981.

James P. Rooney, Palmer, Mass., for plaintiff/debtor.

Michael G. West, J.D., Springfield, Mass., for defendant.

Michael West, Kamberg, Berman, Hendel Gold & West, P.C., Springfield, Mass., for defendant.

James P. Rooney, Palmer, Mass., for plaintiff-debtor.

MEMORANDUM AND ORDER REFERRING TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

PAUL W. GLENNON, Bankruptcy Judge.

The plaintiff filed a complaint for relief to reclaim exempt property and for damages against the Pioneer Valley Credit Union. 11 U.S.C. § 522. The defendant filed in response a motion to dismiss the complaint for failure to state a complaint upon which relief can be granted. Rules of Bankruptcy Procedure 712(b)(6). The gist of the defendant's motion to dismiss is that the title to the exempt property is in Clarence Cole and not George C. Cole, and that George C. Cole has no rights to the property involved, that he has suffered no injury, and therefore there is no relief the court could grant to George C. Cole.

The property in question is a 1972 Ford pick-up truck which was used as collateral for a loan granted to George C. Cole by a predecessor of defendant credit union. The title to the pick-up has always read Clarence Cole. In the past, these same parties have litigated rights and responsibilities between them vis-a-vis this same pick-up truck.[1] The defendant contends that in the past, the plaintiff has plead the proposi-

---

1. *Westover Credit Union v. George C. Cole a/k/a Clarence Cole et al.*
   N.78C–3084
   District Court Dept., Springfield
   Hampden County

*Chapman Credit Union v. George C. Cole a/k/a Clarence Cole et als.*
   N.78C–1864
   District Court Dept., Springfield
   Hampden County

tion that he is not Clarence Cole, and that he should be estopped from changing his position now. The plaintiff counters this argument with an estoppel plea of his own that the credit union has accepted the collateral whose title was in Clarence Cole as security for a loan to George C. Cole, and that in the past litigations, the credit union has always sought its payment on the loans from George C. Cole, a/k/a Clarence Cole. Neither party has submitted the final judgments of these actions. In filing his bankruptcy petition, the plaintiff has made clear that he uses the name Clarence Cole as well as George C. Cole.

■ The defendant is basing its objection to the plaintiff's standing to sue on prior inconsistent pleadings of the plaintiff in the previous litigations. Generally, the rule is that a party will not be allowed to maintain inconsistent positions in any given judicial proceeding or in subsequent judicial proceedings on the same issues. See *Buck v. Kuykendall*, 267 U.S. 307, 45 S.Ct. 324, 69 L.Ed. 623 (1924); *Gordon v. Richardson*, 185 Mass. 492, 70 N.E. 1027 (1904). Factors that have influenced courts to assert an estoppel against inconsistent pleadings have been:

(1) the inconsistent position first asserted must have been successfully maintained;

(2) a judgment must have been rendered;

(3) the positions must be clearly inconsistent;

(4) the parties and questions must be the same;

(5) the party claiming estoppel must have been mislead and have changed its position; and

(6) it must appear unjust to one party to permit the other to change.

(See 28 *Am.Jur.2d*, "Estoppel and Waiver", § 70 (1966))

In the case before the court, the defendant as the moving party has not proved its position as a matter of law on the issue of standing. See *Federal Rules of Civil Procedure* 12(b) and 56. In its own edited record of the previous litigations attached as ex-hibits to its motion to dismiss, the defendant indicated that it was not mislead concerning George C. Cole a/k/a Clarence Cole when it decided to move against the plaintiff. There is no record before the court that this plaintiff was successful in pleading the separate identities of George C. Cole and Clarence Cole. Neither party has produced a copy of the final judgments of the cases previously decided by the state court. Finally, although the parties are the same, the issue in this bankruptcy proceeding under § 522 is not the same as the dispute over the debts of George C. Cole a/k/a Clarence Cole, in state court. The issue is whether the property in question is exempt as defined by the terms of 11 U.S.C. § 522, and whether it should be returned to the plaintiff debtor by a creditor who has repossessed. Therefore, the plaintiff George C. Cole a/k/a Clarence Cole, has standing to proceed on his complaint for relief to reclaim exempt property and for damages, and the defendant's motion to dismiss must be denied.