**WARREN et al. v. GAU et al. (No. 2313.)**

Court of Civil Appeals of Texas. El Paso.
June 13, 1929.

Rehearing Denied June 27, 1929.

Thomas S. Christopher, of Lamesa, and Bean & Klett, of Lubbock, for appellants.

Lockhart, Garrard & Brown, of Lubbock, for appellees.

WALTHALL, J.  This case presents an appeal from an order of the Honorable Clark M. Mullican, district judge of the Ninety-Ninth judicial district of Texas, sitting in chambers at Lamesa, Dawson county, Tex., granting a temporary writ of injunction.

The petition for the injunction was filed on May 6, 1929, in the district court of Dawson county by A. H. Gau and L. J. Vogle, complaining of E. B. Warren, and others.  The said Warren is alleged to be the mayor of the town of Lamesa, Tex., and the other defendants named are alleged, respectively, to be the commissioners, the secretary, the marshal, a police officer, the city attorney of the town of Lamesa, the county judge and the county attorney of Dawson county.  The suit is against each in his respective official capacity.  The petition is lengthy, and we will undertake to state briefly the facts alleged.

It is alleged that: On the 4th day of September, 1928, the commissioners of the town of Lamesa passed an ordinance requiring the securing of a building permit and fixing the fee therefor on any building to be erected, or repairs to be made on any building within the corporate limits of Lamesa, and providing a penalty for the violation of the ordinance. The petition attaches a copy of the ordinance and makes it a part thereof.  It is alleged that the ordinance is illegal, invalid, and void for the following reasons: Lamesa is a municipal corporation incorporated under the general laws of this state; there is no statute of the state authorizing the passage or enforcement of such ordinance; it is in violation of the State Constitution and the Constitution of the United States, in that it is in illegal restraint of the rights of property, and amounts to a taking of property without due process of law, and is in effect an attempt to exercise the taxing and regulatory powers of the town in an illegal and arbitrary manner.

It is alleged that on the 13th of April, 1929, plaintiffs contracted with the Right Reverend R. A. Gerken, Bishop of Amarillo, to furnish all material and labor and erect a church building in a workmanlike manner, within one month from the date of the contract, for a consideration of $3,000, on lots 7 and 8, block 5, of the Depot addition to the town of Lamesa.  It is alleged that about the 19th of April, 1929, plaintiffs, for the purpose of carrying out said contract, came to Lamesa and purchased the material and employed the labor for the erection of said church building, and notwithstanding the said building permit ordinance was illegal and void, plaintiffs attempted to comply with said ordinance, in that they applied to the secretary of the town of Lamesa, defendant W. P. Davis, for a permit to erect said building and paid to him the fee of $5.50 prescribed in the ordinance.  It is alleged that the defendants, officials of the town of Lamesa, because, as they stated, of some "irregularity or misdescription in such application, the exact nature of which is unknown to these plaintiffs, arbitrarily refused to issue such permit though often requested to do so, and have refused to in any manner allow plaintiffs to correct such application, if it was incorrect in the first instance, or to issue to plaintiffs a permit, though said officials, and especially the defendant, W. P. Davis, still retain the amount so paid by them as a fee for such permit."

It is alleged that certain of the defendants, naming them, not including all of the officials sued, "have entered into a conspiracy, to act under color of the above described void and illegal ordinance, and arbitrarily refuse to issue to plaintiffs a permit thereunder, and arbitrarily prevent plaintiffs from erecting such church building; that they have entered upon a course of unjust and illegal procedure, injurious to, and calculated to injure these plaintiffs, and to prevent them or their agents and employees from erecting said church and carrying out their said contract, in that each time these plaintiffs, their agents and employees go upon said premises or do any act toward erecting such improvements and carrying out their said contract, the defendants (naming them as above) cause a complaint to be filed against them and each of them in the corporation court of the town of Lamesa, and cause them to be arrested and confined in jail."  The petition then alleges that a complaint was filed in the corporation court of Lamesa against plaintiff Vogle by one of the defendants, naming him, charging a violation of said ordinance; that he was tried and convicted of such offense, and that thereafter he applied for a writ of habeas corpus alleging an illegal restraint under such judgment of conviction, and that the district judge, after hearing the evidence,

held the ordinance invalid and void and ordered plaintiff Vogle released from custody. It is alleged that on the same day, and after said district judge had held said ordinance invalid and void, a complaint, in open and flagrant disregard of said order, was filed against plaintiff Gau charging him with the same offense; that said corporation court is presided over by defendant E. B. Warren, who proceeded to the trial of Gau; that Gau was convicted, and a fine of $50 and costs were assessed against him, from which judgment Gau appealed to the county court of Dawson county, and that said cause is now pending in said county court, and set for trial on May 6, 1929, and that unless restrained the defendants, the county judge and county attorney, will proceed to try petitioner Gau under said complaint for violation of said ordinance; that the maximum fine provided by said ordinance is $50, and plaintiff petitioner Gau is without the remedy of appeal to the Court of Criminal Appeals in case he should be convicted in said court, and hence is without adequate remedy at law.

The petition further alleges that defendants, officers of the town of Lamesa, on the 4th day of May, 1929, caused other and additional complaints to be made and filed in said corporation court against each of plaintiffs under said ordinance, and caused each of plaintiffs to be arrested and confined in jail; that defendant Warren is mayor of the town of Lamesa, is judge of the corporation court of Lamesa, and is recorder of the recorder's court of Lamesa; that he has set said cases for trial on May 6, 1929, and, unless restrained, will proceed to trial of plaintiffs under said complaint, and, if convicted, will have a fine assessed and confinement in jail unless paid; and that, as above alleged, they have no adequate remedy of appeal beyond the county court.

Plaintiffs further allege that the defendants have hindered, embarrassed, and prevented plaintiffs and their employees in the erection of said building, as stated, and threatened to continue to do so, and unless restrained will continue to do so, and will continue to cause charges of violation of said ordinance to be filed to plaintiffs' great and irreparable damage and loss.

Plaintiffs pray that the defendants and each of them, their agents, employees, and successors in office, be restrained from enforcing or attempting to enforce said ordinance, and from in any manner interfering with or restraining or hindering plaintiffs, their agents or employees, in erecting said building, and in doing any work or thing necessary in connection therewith, and from further filing complaints against them, their agents and employees, in the corporation court of the town of Lamesa, charging them with violation of said ordinance, and from arresting them or interfering with them, their agents or employees, for any alleged viola-

tion of said ordinance, and from further proceeding with the prosecution of the complaints already filed against them; that the injunction be made perpetual and for costs, and for relief general and special.

The petition was verified. The order of Gordon B. McGuire, judge of the 106th judicial district, reciting a hearing on habeas corpus of Vogle and discharging him from custody, is attached to and made a part of the petition, as is also a copy of the ordinance of the town of Lamesa, in question here, including as a part of said ordinance a copy of the application for such permit, showing same by sections. As far as it is necessary to fully state the same, the ordinance and application for a permit show the following:

"An Ordinance requiring the securing of a building permit and fixing the fee therefor and providing a penalty for the violation of same.

"Be it Ordained by the City Commission of the City of Lamesa:

"Section No. 1: It shall be deemed unlawful for any contractor, builder, carpenter or any other person to build or erect, repair, add to, alter or place any building within the corporate limits of the City of Lamesa, without first having applied for and secured from the City Secretary of the City of Lamesa, a permit for such building, erection, repair, addition, alteration or placing.

"Section No. 2: Contents of Application. (Without quoting same, this section provides, in substance, that the application for such permit shall be filed with the City Secretary, describe the proposed location of the building, repairs, etc., the use to which the building is to be put, number of stories, character of material, estimated value, etc., and that the application must be sworn to.)

"Section No. 3: Fee charged for building permit. (Provides the Secretary shall charge a minimum fee of $2.50 for the permit, and $1.00 additional for each additional $1000.00 or fractional part above $1,000.00 in value.)

"Section No. 4: Former provisions as to fire limits not annulled. (This section refers to the construction or repair of buildings within the fire limits of and apparently has no direct application here.)

"Section No. 5: (Has no application.)

"Section No. 6: No person, firm, corporation or association of persons may be denied a building permit unless the work for which said permit is asked constitutes a violation of some penal ordinance or law.

"Section No. 7: Any person, builder, carpenter or other person or persons violating any provision or provisions of this ordinance shall upon the conviction thereof be fined not less than ten dollars and not more than fifty dollars.

"If said violation shall be failure to secure said building permit, the above fine shall be in addition to such fee or permit; Provided, however, that any person prosecuted under

this ordinance for failure to secure said permit shall have the right at any time before such prosecution to dismiss such prosecution upon payment of the building permit fee, or fees, and all costs of said prosecution and procuring the building permit on account of failure to procure which the prosecution was instituted, and no prosecution shall be commenced against any person after the procuring of said building permit, provided that said building permit or permits shall cover the time which said person has been engaged in work which required a building permit."

Then follow a repealing clause and an emergency clause. The ordinance shows to have been attested and approved on September 4, 1928.

The record shows that the petition was presented to Judge Gordon B. McGuire, judge of the 106th judicial district, and that he certified his disqualification.

The record shows the following:

"The above and foregoing petition being presented to me in chambers this 5th day of May, A. D. 1929, and being considered, it is ordered that the Clerk of the District Court of Dawson County, Texas, issue a writ of injunction in all things as prayed for in the within petition; upon the petitioners' executing to the adverse parties a bond with two or more good and sufficient sureties in the sum of $500.00. [Signed] Clark M. Mullican, District Judge, 99th Judicial District of Texas."

The above bond was given and approved. No citation or notice to defendants appears to have been given, nor was an answer filed, nor motion to dissolve the temporary injunction made. Some of the defendants, officers of the town of Lamesa, prosecute this appeal.

### Opinion.

Appellants and appellees have each filed here helpful briefs, and, in addition thereto, have made oral arguments before this court in support of their several contentions. The issues of fact found in the record, and the propositions of law arising thereon, have at least to some extent been before each of the two district judges referred to above, all more or less persuasive, and yet the controlling matters of fact and of law are not as clear to us as we would have them in finally determining all of the matters presented. As we view it, the facts as well as the law are to some extent confused by an effort, apparently in good faith, to comply with the ordinance, whether the penal provision of the ordinance, as written, and sought to be enforced, is or is not applicable to the facts here, or is within the power of the city of Lamesa to enforce it, under the undisputed facts as found in the record, the facts stated in the petition, being taken as true, by prosecutions for supposed violations of its provisions, under the sixth and seventh sections of the ordinance, are the issues to be determined.

The sixth section of the ordinance provides that "no person may be denied a building permit unless the work for which said permit is asked constitutes a violation of some penal ordinance or law." It is clear that a permit was asked for, the amount of the building permit fee ascertained, paid, accepted, and retained by the proper city officer, and the work for which the permit was asked is the building of a church house on specified lots and block and addition to the city of Lamesa. The inquiry then logically and necessarily follows: Does the erection of such building constitute a violation of the penal section of the ordinance, section 7, or any other penal ordinance or law? There is no suggestion in the ordinance before us, nor in the briefs or oral argument, that the erection of the proposed building at the place stated, or any other place in the city of Lamesa, would constitute a violation of a penal ordinance of the city of Lamesa, or any law, penal or civil.

As we view it, sections 6 and 7 must be construed together in determining whether plaintiffs, under the facts found in the petition, in undertaking to erect the building, were in violation of the penal provision of the ordinance, on the sole ground that they had not secured a building permit to erect the building. The sixth section, as we view it, providing as it does that a building permit, under the facts, may not be denied plaintiffs, they had the right as a matter of law to the permit, on the payment of the fee, and its issuance to them was a mere formal and ministerial act on the part of the city's secretary. The ordinance does not give the secretary any judicial discretion in the matter of refusing or granting the building permit.

To hinder plaintiffs in the erection of said building by criminal prosecutions, and threats of still other criminal prosecutions, was, in our opinion, a denial to them of a civil right for which they had no adequate or legal remedy at law, a relief from which required restraint by injunction.

We have discussed the matter presented under the concrete facts presented by the record, and as applied to the case before us. We think we need not undertake to discuss the power of the city of Lamesa to pass and enforce the provisions of the ordinance under a different state of facts from those found in the record, that is, discuss the validity of the ordinance, as suggested by appellants in their brief. Such discussion we think might be regarded as dicta, however much we might feel disposed to assist appellants in the exercise of their official duties.

What we have said in construing the several provisions of the ordinance is not intended in any way to hold that the ordinance is invalid or void; we mean to hold only that, in our opinion, under the facts here, plaintiffs have the right to proceed unmolested or hin-

dered in any way by prosecution to the erection of the proposed building.

Appellants in their brief have referred us to a number of cases. We have reviewed them. The facts are different from the facts here, and we think they do not have application.

We have concluded that plaintiffs were entitled to the temporary injunction as prayed for, and that the district judge was not in error in granting it.

The case is affirmed.

### On Motion for Rehearing.

In the statement of the case we said, "as a part of said ordinance, a copy of the application for such permit" was attached to and made a part of the petition. A copy of the application for the permit is not in fact attached to and made a part of the petition. We should have said, instead, that a copy of the ordinance including as a part thereof its several sections, the second section stating the "contents of application," is attached to and made a part of the petition for the injunction.

With the above correction the motion is overruled.