C. S. Bradley, of Groesbeck, for appellant.

B. D. Shepperd, of Groesbeck, for appellees.

## BOX et al. v. NEWSOM et al.
### No. 1205.

Court of Civil Appeals of Texas. Waco.

Nov. 7, 1931.

PER CURIAM.

C. D. Newsom and twenty others filed this suit against V. C. Box, sheriff of Robertson county, and J. E. Anglin, a constable of Limestone county, and all peace officers of the state of Texas, seeking by injunction to restrain the defendants from arresting or attempting to arrest the plaintiffs for operating their automobile trucks on the highways of the state without a permit from the railroad commission contrary to chapter 277 of the General Laws enacted by the Legislature at its Regular Session in 1931 (Vernon's Ann. Civ. St. art. 911b, § 1 et seq.). Said act provides for control and regulation by the railroad commission of motor-propelled vehicles used in transporting property for compensation or hire over the public highways of this state. The trial court in chambers upon the plaintiffs' petition granted a temporary injunction restraining the named defendants and all other peace officers of the state from arresting or attempting to arrest the plaintiffs, or either of them, or in any manner interfering with them for any alleged violation of said act. The defendant Box alone appealed.

The law in question makes it an offense for any person to operate a motor-driven vehicle upon the highways of this state for the transportation of freight for hire as a contract carrier without first obtaining a permit from the railroad commission of the state. The appellees allege, in substance, that they each own an automobile truck and are engaged in the business of hauling cotton and other commodities for hire on the highways of Texas from the central portions of the state to Houston, Tex.; that they each made application in proper form to the railroad commission for a permit to operate trucks on the highways of the state for hire as contract carriers in compliance with the terms of the said act, and procured the necessary insurance for the protection of shippers and the public, and have done all other things required of them by said act to entitle them to permits as contract carriers, but that the members of the railroad commission purposely absent themselves from their offices at the state capitol and designedly refused to set

said applications down for hearing, and have thereby denied the appellees a hearing on their applications, and as a result thereof appellees are constantly being arrested by the appellant and other officers of the state for violating the provisions of said law.

The appellees do not attack the validity of the above act nor deny that they. come within its terms and do not allege that they have been granted the permit therein provided for, but their position is that, having filed the necessary applications for permits, and having done all other things necessary to entitle them to a hearing thereon, and the railroad commission having designedly failed and refused to act on such applications within what they term a reasonable time, they are entitled to enjoin the enforcement of the statute in question until their applications have been heard. · They insist that they have a right to carry on their business as contract carriers over the highways of the state, and that such rights will be destroyed unless the injunction granted by the trial court is sustained.

On the other hand, the appellant contends that it is a violation of the act for appellees to operate their trucks for hire on the highways of the state without a permit, and that it is appellant's sworn duty as a peace officer of the state to arrest the appellees for such violations, and that in consequence he ought not·to be restrained by a court of equity from performing this duty.

By the act in question the Legislature undertook to establish a complete system for the control and regulation of the transportation of freight for hire over the highways of this state. The purposes that prompted the Legislature in enacting the. statute and the policy thereof, as declared in the act, is stated as follows:

"The business of operating as a motor carrier of property for hire along the highways of this State is declared to be a business affected with the public interest. The rapid increase of motor carrier traffic, and the fact that under existing law many motor trucks are not effectively regulated, have increased the dangers and hazards on public highways and make it imperative that more stringent regulation should be employed, to the end that the highways may be rendered safer for the use of the general public; that the wear of such highways may be reduced; that discrimination in rates charged may be eliminated; that congestion of traffic on the highways may be minimized; that the use of the highways for the transportation of property for hire may be restricted to the extent required by the necessity of the general public, and that the various transportation agencies of the State may be adjusted and correlated so that public highways may serve the best interest of the general public." See section 22b

of the above act (as amended by Acts 42d Leg. [1931] c. 277, § 21 [Vernon's Ann. Civ. St. art. 911b, § 22b]).

Whether the policy adopted by the Legislature in enacting the act in question was wise or unwise·is not a question to be determined by the courts. The power to enact such legislation is not herein questioned, and since the Legislature has acted thereon, the courts are concerned only as to the terms of the act and the effect thereof, and not as to its wisdom.

■ It is a well-settled principle of law that the use of the public highways of the state or of a city for the conduct or carrying on of a business, as is the hauling of freight for hire, is a special or extraordinary use and as such is enjoyed, not as a matter of right, but as a mere privilege, and is subject to all reasonable regulations by the state. No man has any more right, as a matter of right against the state, to set himself up for the transaction of a business for gain on the public highway of the state than he would have to transact a like business on the streets of an incorporated municipality. The Legislature has a right to regulate and control the transportation of freight for hire over its highways in the interest of public convenience and safety and for the protection of the highways, for the proper use of which it is trustee to the public, and such regulatory measures, when reasonable, have been uniformly sustained. Buck v. Kuykendall, 267 U. S. 307, 45 S. Ct. 324, 69 L. Ed. 623, 38 A. L. R. 286; Packard v. Banton, 264 U. S. 140, 44 S. Ct. 257, 68 L. Ed. 596; West v. City of Waco, 116 Tex. 472, 294 S. W. 832; City of Waco v. O'Neal (Tex. Civ. App.) 33 S.W.(2d) 205.

■ The act in question makes it the duty of one desiring to operate a truck on the highways of the state as a contract carrier to file with the railroad commission a written application showing the name and address of the applicant, his financial condition and physical properties, the nature of the transportation to be carried on by him, the territory to be covered thereby, and the description of the vehicle to be used, and the size and capacity thereof. When such·application is filed, the railroad commission is required to give notice and grant a hearing thereon. At such hearing it is made the duty of the commission to hear evidence and to determine the nature of the equipment to be used, the amount and character of the tonnage to be hauled, and the manner of loading·same. The mere filing of an application for a permit does not give the applicant an absolute right thereto. The discretion of determining whether or not such permit shall be granted is lodged exclusively·in the railroad commission, subject only to review by appeal. The commission must satisfy itself as to the facts and is charged with the duty

and has the power to grant or to refuse the permit according to the result of its own inquiry. The commission is specifically prohibited from granting such a permit if it shall be of the opinion that the proposed operation of any such contract carrier will impair the efficient service of any authorized common carrier then adequately serving the same territory. These are quasi judicial questions that must be determined by the commission favorable to the applicant before the permit is granted. The Legislature has seen fit to vest in the commission the power of determining these questions of fact, and has provided the commission with the necessary machinery for gathering the information, and that body, therefore, has the exclusive, original jurisdiction to determine such issues. Until the commission has acted, no court has the right to adjudicate such issues. Employers' Indemnity Corp. v. Woods (Tex. Com. App.) 243 S. W. 1085; Silberschein v. U. S., 266 U. S. 221, 45 S. Ct. 69, 69 L. Ed. 256: From this it is apparent that the appellees were not entitled to the permits merely because they had filed an application therefor and complied with the other preliminary provisions entitling them to a hearing thereon. A trial before the commission was a necessary prerequisite to the permit. Metropolitan Life Ins. Co. v. Love, 101 Tex. 444, 108 S. W. 821, 1157.

By the terms of the act the appellees have no right to operate their trucks on the highways for hire without the permit. They have filed an application for such permit, but have not secured an adjudication of the issues of fact entitling them to such permit, and are not entitled to the permit as a matter of right. Are the appellees entitled to have the law suspended and its enforcement enjoined until their applications have been acted upon?

Our Constitution provides: "No power of suspending laws in this State shall be exercised except by the Legislature." Constitution, art. 1, § 28.

In keeping with the foregoing provision of the Constitution, it has often been held that no court or other tribunal other than the Legislature has the right to suspend the enforcement of a law. Brown Cracker & Candy Co. v. City of Dallas, 104 Tex. 290, 137 S. W. 342, Ann. Cas. 1914B, 504; Spence v. Fenchler, 107 Tex. 443, 180 S. W. 597; Zucarro v. State, 82 Tex. Cr. R. 1, 197 S. W. 982, L. R. A. 1918B, 354; McDonald v. Denton, 63 Tex. Civ. App. 421, 132 S. W. 823. If we were to sustain the injunction herein granted, the effect would be to suspend the enforcement of the law in violation of the plain terms of the Constitution.

It is argued that the railroad commission, by refusing to act upon appellees' application, has brought about a condition which requires that the law be suspended in order to properly protect the rights of the appellees. It occurs, however, that since the commission could not under the Constitution by direct action suspend the operation of the law, it does not have the implied power to suspend the law by failure to act. It cannot do a thing indirectly that it could not do directly.

The appellees further contend that their property rights will be irreparably injured unless the enforcement of the law in question is enjoined. As a general rule, equity will not enjoin criminal proceedings, whether the prosecution be for the violation of a statute or a municipal ordinance. It is only where the statute is unconstitutional and void and the prosecution may result in irreparable injury to property rights that an injunction will be granted. The injunction will issue only to prevent the destruction of vested property rights. State ex rel. McNamara v. Clark, 79 Tex. Cr. R. 559, 187 S. W. 760; Chisholm v. Adams, 71 Tex. 678, 10 S. W. 336; Jones v. Whitehead (Tex. Civ. App.) 278 S. W. 305; Brown v. City of Dallas, 104 Tex. 290, 137 S. W. 342, Ann. Cas. 1914B, 504; Spence v. Fenchler, 107 Tex. 443, 180 S. W. 597; Zucarro v. State, 82 Tex. Cr. R. 1, 197 S. W. 982, L. R. A. 1918B, 354; McDonald v. Denton, 63 Tex. Civ. App. 421, 132 S. W. 823; Hatcher v. City of Dallas (Tex. Civ. App.) 133 S. W. 914; 14 R. C. L. 426, 32 C. J. 279.

In the case at bar the appellees do not attack the validity of the law and they do not allege that they were engaged in such business prior to the passage of the act in question. Moreover, if they were so engaged prior to the passage of such act, they had no vested right to continue such business. Their right to use the public highways for the transaction of their business, being a special or extraordinary use, was a mere privilege and was at all times subject to be revoked or regulated at the will of the Legislature. They therefore have no vested or property rights that will be impaired by the prosecutions sought to be enjoined, and are not entitled to enjoin the enforcement of the law.

If the railroad commission is actually and designedly refusing to grant the appellees a hearing upon their applications, their remedy is by mandamus to compel the commission to perform its duty by setting such applications down for a hearing. If, after a hearing is had and a ruling made thereon, the appellees are dissatisfied with the ruling of the commission, they have their remedy by appeal, as provided in the act, to the courts where they may have a judicial determination of the issues involved.

The appellees rely on the cases of Warren v. Gau (Tex. Civ. App.) 18 S.W.(2d) 768, and State v. Jarmon (Tex. Civ. App.) 25 S.W.(2d) 936 (writ granted). In the case of Warren v. Gau, supra, the appellee had applied for a permit to erect a building in the town of Lamesa, but had been denied such permit. He thereafter undertook to erect the building without such permit. He was arrested, tried, and convicted, but released on a writ of habeas corpus. The city authorities continued to molest him by criminal prosecutions, so that he could not erect the building. He applied for and obtained an injunction restraining further prosecution. In that case the applicant had done all that was necessary to entitle him to the permit as a matter of right. The city secretary, whose duty it was to issue the permit, had no judicial discretion in the matter of refusing or granting the permit, but arbitrarily refused to grant same. In the case at bar, while the applicants have filed their applications for permits as contract carriers, they are not entitled to the permits as a matter of right without a hearing thereon. If the commission should determine that existing transportation facilities are reasonably adequate to serve the community sought to be served by the applicants, and that the efficient service of an authorized common carrier already adequately serving the same territory would be impaired by granting the permit, the commission would have the right to refuse the permit. These discretionary matters must be determined by the railroad commission, the machinery provided for by the Legislature, and not by the courts.

In the case of State v. Jarmon, supra, the appellee owned an oil lease upon a strip of land 20 feet in width and applied to the railroad commission for a permit to drill a well thereon. The commission held up the permit for more than four months, during which time the major oil companies were draining the oil from under the applicant's land and destroying his property rights. He finally began the drilling of the well without the permit. The railroad commission applied for an injunction to restrain the drilling of the well. The Court of Civil Appeals held that since the railroad commission had not done its duty, but had arbitrarily and capriciously held up the permit and had refused to act on the application, it was not entitled nor in a position to appeal to equity for an injunction. The Supreme Court granted a writ of error in that case. It will be noted that the Court of Civil Appeals did not enjoin the enforcement of the criminal feature of the law prohibiting the drilling of a well without a permit, but specifically held that the railroad commission retained the right to prosecute Jarmon criminally for drilling the well without a permit. We do not think that either of these cases is applicable to the facts in this case.

Since the appellees were not entitled to the injunction as prayed for by them, the judgment of the trial court is reversed, and the injunction dissolved.