**BRITTON v. SMITH et al.**

No. 1727.

Court of Civil Appeals of Texas. Waco.

April 18, 1935.

Claude Miller, of Waco, for appellant.

C. S. Bradley, of Groesbeck, for appellees.

GALLAGHER, Chief Justice.

This appeal is prosecuted from an order of the court dissolving a temporary injunction. Appellant, B. B. Britton, instituted this suit in the district court against the Railroad Commission of Texas, C. V. Terrell, Lon A. Smith, and Ernest O. Thompson, the individual members thereof, and Will Adams, sheriff of Limestone county, to restrain said defendants, and each of them, from interfering with or molesting appellant, or any of his agents or employees, in operating his motortrucks over the highways of the state of Texas. Appellant alleged, in substance, that he, in pursuance of the provisions of article 911b, Vernon's Ann. Civ. St., had theretofore applied to said Railroad Commission for a permit to operate as a contract motor carrier and to haul cotton and general merchandise as such over the public highways in the north, east, and central sections of the state; that the commission heard said application and found as a fact that the operation proposed by him would impair the efficient public service of the authorized common carrier or common carriers then adequately serving the same territory, and based on said finding, refused to grant him a permit to operate as such carrier. Appellant, as sole ground for the restraint sought, assailed the constitutionality of section 6 of said article 911b, which section requires all motor carriers desiring to operate as contract carriers over the highways of this state to procure a permit to do so from the commission. The court granted a temporary injunction imposing such restraint. The Railroad Commission and the individual members thereof filed a motion to dissolve said injunction based on exceptions to appellant's petition. The court dissolved the injunction, but suspended the order dissolving the same during the pendency of this appeal. Appellant presents said order to this court for review.

Opinion.

Appellant presents his complaint of the action of the trial court in dissolving the injunction theretofore granted him by the following proposition: "Subdivision (c) of

section 6 of article 911b of Vernon's Annotated Civil Statutes is in violation of the Constitution of the State of Texas."

Said section, so far as material to appellant's contention, reads as follows:

"(a) No motor carrier * * * that may hereafter desire to engage in the business of a contract carrier shall so operate until it shall have received a permit from the Commission to engage in such business. * * *

"(c) No application for permit shall be granted by the Commission until after a hearing nor shall any such permit be granted if the Commission shall be of the opinion that the proposed operation of any such contract carrier will impair the efficient public service of any authorized common carrier or common carriers then adequately serving the same territory."

The commission, in its order refusing appellant's application, recited, in substance, that after consideration of the situation it found as a fact that the operation proposed by appellant would impair the efficient public service of the authorized common carrier or common carriers then adequately serving the same territory. Appellant, in his argument under said proposition, charges that the effect of the statutory provisions above quoted is to delegate to the commission power to find the existence of facts, without providing any rule to guide it in its action thereon except its own opinion.

The rule is well established in this state that certain powers vested in the Legislature may be delegated to boards, commissions, or other agencies. The ordinary application of this rule is the delegation to such agencies of powers which the Legislature itself cannot practically and efficiently exercise. 9 Tex. Jur., p. 496, § 70; Trimmier v. Carlton, 116 Tex. 572, 590 to 597, inclusive, 296 S. W. 1070, 1079 et seq., pars. 13, 14, and 15; Robbins v. Limestone County, 114 Tex. 345, 360, 361, 268 S. W. 915. The establishment of public roads and highways is a governmental function, which the state may exercise through authorized agencies, but such roads and highways when so acquired are the property of the state and subject to such regulations as it may prescribe. Travis County v. Trogdon, 88 Tex. 302, par. 2, 31 S. W. 358; Robbins v. Limestone County, supra, 114 Tex. 345, pages 355, 356, 268 S. W. 915. A franchise to operate

motor vehicles for hire on a public highway in this state is a privilege, the granting of which is subject to all reasonable regulations prescribed by the state. Buck v. Kuykendall, 267 U. S. 307, 45 S. Ct. 324, 325 (second column), 69 L. Ed. 623, 38 A. L. R. 286; Packard v. Banton, 264 U. S. 140, 44 S. Ct. 257, 259 (bottom first column), 68 L. Ed. 596; West v. City of Waco, 116 Tex. 472, 478, 294 S. W. 832; City of Waco v. O'Neal (Tex. Civ. App.) 33 S.W.(2d) 205 et seq. (writ refused); Railroad Commission of Texas v. Interstate Motor Freight Lines (Tex. Civ. App.) 77 S.W.(2d) 1100; Box v. Newsom (Tex. Civ. App.) 43 S.W.(2d) 981, 982, par. 1. The state may in its discretion prohibit the use of its highways for such purposes. Shupee v. Railroad Commission, 123 Tex. 521, 73 S.W.(2d) 505, 507, par. 1. The validity of the provisions of the article under consideration have been frequently recognized by the courts and such provisions enforced. Stephenson v. Binford, 287 U. S. 251, 53 S. Ct. 181, 182 et seq., 77 L. Ed. 288, 87 A. L. R. 721, 725 et seq., and note page 735 et seq.; Railroad Commission of Texas v. Inter-City Forwarding Co. (Tex. Civ. App.) 57 S.W.(2d) 290, 292, pars. 4 and 5; Box v. Newsom, supra, 43 S.W.(2d) 981, page 983, par. 5. The delegation by the Legislature to the commission of power to ascertain the facts in each particular case and to grant or refuse a permit to operate a motor carrier service for hire upon the state's highways in accordance with the requirements and restrictions provided in section 6 of said article was proper and valid under the authorities hereinbefore cited. Appellant's complaint of the language used in subdivision (c) of said section is without merit. The provision, in substance, that no permit shall be granted until after hearing, and not then "if the Commission shall be of the opinion" that the effect of granting the same will be to impair existing service, is merely equivalent to requiring the commission to refuse a permit when, after a hearing, it shall find as a fact that the effect of granting the same will be to impair such service. Appellant made no complaint of the finding of the commission in his case, nor of the manner in which it in fact exercised the power conferred upon it by the statute.

The order of the trial court dissolving the temporary injunction theretofore granted is affirmed.