# DECEMBER 18, 1935

## Ex Parte George Johns

No. 18203.   Delivered December 18, 1935.

The opinion states the case.

*Osce Fristoe,* of Harlingen, for relator.

*Polk Hornaday,* City Attorney, of Harlingen, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the state.

KREUGER, JUDGE.—On the 23rd day of May, 1935, the city commissioners of the City of Harlingen passed and approved an ordinance which, omitting the formal parts, reads as follows:

"Section 1. It shall be unlawful for any person, firm, or corporation to distribute or cause to be distributed in the city of Harlingen, any handbill, or any printed or written advertising matter by placing or causing to be placed in any automobiles or in any mail box, or in any yard, or on any porch, or in any kind of door, or between any screen door and other door just beyond said screen door, or in any part of any house whatsoever not in possession or control of the person so distributing the same.

"Section 2. The provisions of this ordinance shall not be deemed to apply to any newspaper, or any publication printing news of a general nature and keeping advertising space therein open to the public, and the publishing of general advertising matter therein, nor to political advertising pertaining to public offices.

"Section 3. Any person, firm or corporation, violating any of the provisions of this ordinance, shall be guilty of a misdemeanor and on conviction thereof shall be punished by a fine not exceeding Fifty Dollars ($50.00).

"Section 4. The fact that the large number of circulars and handbills being scattered along the streets and yards around the homes of this city, whereby people's houses and yards are littered up, the same creating an unsightly appearance, creates an emergency requiring the suspension of the City Charter Rule prohibiting the passage of an ordinance on the day of its introduction, and the same is so suspended, and this ordinance shall take effect immediately and be in force from and after its passage and publication, as provided by the City Charter."

Thereafter on or about the 3rd day of October, 1935, relator was arrested and charged by complaint with having violated said ordinance by unlawfully distributing printed advertising matter and placing such printed advertising matter on porches of houses in the City of Harlingen, Texas. It was charged that none of said houses were in the possession or control of the persons distributing such advertising matter, and that such printed advertising matter was not contained in a newspaper or publication printing news of a general nature and keeping advertising space therein open to the public and the publication of general advertising matter therein; nor was such printed advertising matter political advertising pertaining to public office, etc.

Relator was tried in the corporation court of the City of Harlingen, was found guilty of violating said ordinance, and

his punishment was assessed at a fine of ten ($10.00) dollars, from which judgment he appealed to the county court of Cameron county. Where upon trial he was again convicted and his punishment was assessed at a fine of one ($1.00) dollar, from which judgment he could not appeal to this court; he could not in any event appeal from a conviction for a violation of said ordinance to the Court of Criminal Appeals because the maximum fine that could be imposed was less than one hundred ($100.00) Dollars. Therefore, he applied to this court for a writ of habeas corpus and in his application therefor attacks the validity of said ordinance upon the following grounds: That the same is unreasonable, that it is arbitrary, discriminatory and that it is in contravention of the State and Federal Constitutions in that it denies to him the equal protection of the law.

That a city under its police power has the right to enact ordinances to prohibit the scattering of paper of all kinds, whether the same be circulars, handbills, paper bags, waste paper or wrapping paper to prevent an unsightly appearance and fire hazard, is not even questioned here.

If the object and purpose of the ordinance, as expressed in the emergency clause thereof, was to prevent creating an unsightly appearance in the city and did not have reference to the subject matter of the documents, then it occurs to us that it is discriminatory in this, that any one who distributes handbills or circulars carrying advertisements not of a political nature would be guilty of a violation of said ordinance while a person who scattered paper bags, waste paper or wrapping paper not carrying any advertisements or handbills carrying political advertisements which might litter up the yards, porches, automobiles, mail boxes, doors, or houses as much or more than those carrying non-political advertisements and yet not be violating the ordinance and subject to punishment. Paper carrying political advertisements or carrying no advertisements might be as unsightly when scattered in the places specified in said ordinance as those carrying advertisements other than political, and would be as combustible without advertisements as with them. Yet one would be a transgressor of the law while the other would not; one would be protected from punishment while the other would be punished for doing the same thing in the same way. This is not equal protection of the law.

If the ordinance was designed to prevent the accumulation of papers in the places specified in said ordinance which gave

to the city an unsightly appearance, then the ordinance falls far short of its object and purpose as we have herein above pointed out.

In our opinion the ordinance is discriminatory in that it grants special privileges to those who scatter waste paper, wrapping paper, circulars, and handbills carrying advertisements of a political nature while it denies such privileges to those who by the same means and methods scatter non-political advertisements equally harmless and inoffensive. In order that our construction of said ordinance may be more readily understood, we desire to make the following illustration: A, who by handbills or circulars advertises that at a stated time and place, he will deliver a political speech, and scatters such handbills and circulars on the streets and alleys or upon lawns, porches, or automobiles is exempt from prosecution. While, B, a minister of the gospel, who by the same method and in the same manner distributes handbills or circulars in the same places announcing that at a stated time and place he will deliver a certain sermon, is amenable to the ordinance and subject to punishment. Both advertisements being equally harmless and inoffensive. This seems to us to be an unwarranted invasion of the rights guaranteed to our citizens by both State and Federal Constitutions. See Sec. 1, Art. 14, Fed. Constitution; and Secs. 3 and 19, Art. I of Texas Constitution. Could there be a more glaring discrimination than the ordinance in the instant case presents? We think not. We examined the case of San Francisco Shopping News v. The City of South San Francisco, 69 Fed. (2d) 879, but it does not decide the question here presented. The court did not pass on the validity of the ordinance. The court dismissed the petition for injunction because of conclusions and not sufficient facts were alleged to entitle it to adequate relief.

Having reached the conclusion that the ordinance is discriminatory and in violation of the constitutional provisions herein above referred to, therefore, it is ordered that the relator be and he is discharged.

*Relator Discharged.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.