**Ex parte O. R. RODGERS.**

No. 35920.

Court of Criminal Appeals of Texas.

June 19, 1963.

Rehearing Denied Oct. 23, 1963.

Hardeman, Smith & Foy, Justin A. Kever, San Angelo, for appellant.

Grindstaff & Grindstaff, Ballinger, for respondent.

MORRISON, Judge.

◼ Appellant, an employee of Mobil Oil Company, was convicted in the County Court of Runnels County upon an appeal from a conviction in the Corporation Court of the City of Ballinger for a violation of an ordinance of said city which prohibited the unloading of gasoline at a retail establishment from a tank truck containing more than 1500 gallons of gasoline. His fine being only $50.00, appellant was unable to appeal; so he applied to the District Court for a writ of habeas corpus, alleging that such ordinance was unconstitutional. The court overruled appellant's contention, remanded him to custody, and he appealed to this Court from such ruling.

The pertinent portions of the ordinance are Section 2:

"That no person, firm__ association or corporation shall unload gasoline or other volatile inflammable oil at any retail establishment within the corporate limits of the City of Ballinger, Texas, from a tank, truck, or other container which contains more than 1500 gallons of such gasoline or other volatile inflammable oil,"

and Section 3:

"That the foregoing provisions shall not apply to person, firm, association or corporation transporting gasoline or other volatile inflammable oil within or through the corporate limits of the city of Ballinger, Texas, in the normal course of business, and not for the purpose of unloading the same at a retail establishment within such corporate limits, and shall not apply to any wholesale establishment; commonly referred to as bulk plant."

Appellant asserts that these sections create an arbitrary and unreasonable classification and were designed to discriminate in favor of certain retail establishments who bought their gasoline from companies maintaining a consignee and a warehouse in the city, from which they make deliveries to the filling stations in smaller trucks, over the filling stations who buy their gasoline from the larger tank trucks delivering gasoline directly to their stations from a central dispersing point, which system enables them to effect a saving of approximately one cent per gallon.

We are confronted with the determination of whether or not there is a reasonable basis for the creation of this class by the city council. San Antonio Retail Grocers Inc., v. Lafferty, 156 Tex. 574, 297 S.W.2d 813.

The only basis upon which the city relies is that of safety. We have examined the testimony on this question with care and have concluded that appellant has met the burden of proving that no greater danger of fire was inherent in the direct delivery by transport truck over the system of delivery to a storage tank and then redelivery by smaller truck to the station, the method employed by Mobil's competitor, the Standard Oil Company.

That portion of the ordinance which regulates the size of underground tanks at filling stations need not be discussed because the city concedes, and their own witnesses testified, that no greater danger is inherent in a larger than in a smaller underground tank.

The ordinance does not limit the size of the tank, truck or container from which gasoline, etc. may be delivered to retail establishments so long as the amount of gasoline, etc. in the container does not exceed 1500 gallons. There is no disagreement between the parties that a properly vented tank and properly constructed equipment will prevent the escape of fumes, and therefore the quantity of gasoline carried does not create a fire hazard which the ordinance by its terms seeks to prevent.

Appellant has met his burden and has shown that the ordinance is unconstitutional. San Antonio Retail Grocers Inc. v. Lafferty, supra; Ex parte Johns, 129 Tex.

Cr.R. 487, 88 S.W.2d 709; Ground Water Conservation Dist. No. 2 v. Hawley, Tex. Civ.App., 304 S.W.2d 764; and Hawley v. Ground Water Conservation Dist. No. 2, 157 Tex. 643, 306 S.W.2d 352.

Relator is ordered discharged.

## ON MOTION FOR REHEARING

McDONALD, Judge.

The City, in its motion for rehearing, relies on the proposition that the larger transport carrying 8,000 gallons of gasoline will allow more fumes or vapors to escape and thus a need for regulation is created as a safety measure.

A thorough review of the record, with careful consideration given to that portion of the statement of facts which Respondent points out as the basis for this contention, leads us to a contrary conclusion. The record reflects that the prohibited deliveries create no greater danger of fire than those allowed under the ordinance. The above contention of the Respondent is therefore without merit.

The City contends secondly that the appellant has not met his burden in proving the ordinance to be discriminatory, unreasonable and arbitrary and thus unconstitutional. In support of this contention Respondent cites City of Bellaire v. Lamkin, 159 Tex. 141, 317 S.W.2d 43, 66 A.L.R.2d 1289. We cannot agree that Lamkin is contrary to our holding on original submission of this cause. The extraordinary burden has been met, the test being whether or not there is a reasonable basis for the creation of this class by the city council. San Antonio Retail Grocers, Inc. v. Lafferty, 156 Tex. 574, 297 S.W.2d 813; see also our original opinion and cases cited therein.

"Ordinances relative to the storage, transportation and handling of gasoline and oil, like all ordinances must be reasonable and not arbitrary." Mc-

Quillin on Municipal Corporations, Vol. 7 Section 24.477.

We remain convinced that our prior opinion correctly disposed of this case.

The Respondent's Motion for Rehearing is overruled.