Bryan Stanley BELLEW, Appellant,

v.

The CITY OF HOUSTON et al., Appellees.

No. 15643.

Court of Civil Appeals of Texas, Houston (1st Dist.).

June 18, 1970.

Rehearing Denied July 9, 1970.

Newton B. Schwartz, James W. Stall-cup, Houston, for appellant.

William A. Olson, City Atty., R. H. Burks, Senior Asst. City Atty., Sears & Burns, Houston, for appellees; Winston P. Crowder, Senior Asst. City Atty., Will Sears, Houston, of counsel.

COLEMAN, Justice.

This is a suit to enjoin the enforcement of an ordinance granting a concession to a taxicab company to pick up passengers at the Houston Intercontinental Airport. The ordinance provides that any person who fails to comply with the provisions of the ordinance shall be subject to a fine.

This is a class suit. Appellant is a taxicab driver. Greater Houston Transportation Company, who holds the concession from the City, was permitted to intervene in the case. Both appellees filed pleas to the jurisdiction of the trial court on the basis that the court lacked jurisdiction to enjoin the enforcement of a criminal ordinance. Both pleas were sustained and the case was dismissed.

It is assumed that appellant is duly licensed under the licensing ordinance of the City of Houston to drive a taxicab. By ordinance he is permitted to pick up passengers at any place in the City of Houston except at the Houston Intercontinental Airport. Greater Houston Transportation Company has been authorized by ordinance to provide taxi service at the Airport. The type of service to be furnished, and the fares that can be charged, are regulated. A substantial consideration was paid to the City for the concession. Only taxicabs operated under a taxicab airport concession contract are authorized to pick up passengers at the Airport, although any licensed taxicab may transport passengers to the Airport. The punishment for a violation of the ordinance is a fine of not less than ten dollars nor more than two hundred dollars.

Appellant plead that he is "an individual taxicab driver operating within the City of Houston." His complaint is that he was excluded from loading passengers at the airport loading zone because he was not operating a taxicab under a taxicab airport concession contract with the City of Houston, and that he was thereby prohibited "from earning money by the loading of passengers at the Houston Intercontinental Airport."

In State v. Logue, 376 S.W.2d 567 (Tex. 1964), the rule of law applicable to this case is clearly stated:

"The general rule is that equity will not enjoin enforcement of the criminal law. Ex parte Sterling, 122 Tex. 108, 53 S.W.2d 294 (1932); City of Austin v. Austin City Cemetery Ass'n, 87 Tex. 330, 28 S.W. 528 (1894). However, there is an exception to the effect that when the criminal statute is unconstitutional, or otherwise void, and enforcement thereunder involves an invasion of property rights which will result in an irreparable injury thereto, equity will intervene to protect those property rights by enjoining enforcement of such void law. Ex parte Sterling, supra; Crouch v. Craik, Tex., 369 S.W.2d 311 (1963). If either one of the requirements of equitable relief in this type of situation—void law and irreparable injury to property rights —is lacking, the courts of equity have no jurisdiction to entertain such suit. Because of the dual system of courts in this State—civil and criminal—this court will not pass on constitutionality of a

criminal statute unless the requirement of irreparable injury of property rights is involved. See Kemp Hotel Operating Co. v. City of Wichita Falls, 141 Tex. 90, 170 S.W.2d 217, 219 (1943)."

■ This rule has been applied to municipal ordinances in a number of cases. These cases hold that no person can acquire a vested right to use public streets and highways for carrying on a commerical business. Mooney v. City of San Antonio, 386 S.W.2d 638 (Tex.Civ.App.—San Antonio 1965, error ref.); City of Wichita Falls v. Bowen, 143 Tex. 45, 182 S.W.2d 695 (1944); City of Ballinger v. Boyd, 173 S.W.2d 363 (Tex.Civ.App.—Austin 1943); Dallas Taxicab Company v. City of Dallas, 68 S.W.2d 359 (Tex.Civ.App.—Dallas 1934); State ex rel. Flowers v. Woodruff, 150 Tex.Cr.R. 255, 200 S.W.2d 178 (1947).

■ Appellant seeks to avoid the force of these cases by relying on the fact that he is a taxicab driver, rather than the owner or operator of a taxicab company. We do not consider this distinction significant. In West v. City of Waco, 115 Tex. 472, 294 S.W. 832 (1927), the court sustained an ordinance of the City of Waco prohibiting the parking of vehicles operated for hire on any of the public squares in the City against a contention (among others) that it was an "unreasonable, arbitrary, oppressive and an unwarranted invasion of the plaintiffs' personal liberties" * * * and was "an unwarranted restriction in the pursuit of the business in which the plaintiffs are engaged." They also alleged that the enforcement of the ordinance would destroy their business of transporting personal property in their trucks. They alleged that they used their personal service and labor in the business. The judgment of the trial court in sustaining a general demurrer to the petition was upheld.

Appellant relies on Smith v. Decker, 158 Tex. 416, 312 S.W.2d 632 (1958), holding that the right to earn a living is a property right. None of the many cases holding that the use of the public streets for the purpose of carrying on a business for profit was distinguished or overruled. Ex Parte Sterling, 122 Tex. 108, 53 S.W.2d 294 (1932), was cited with approval. This often cited case states:

"Under the well-established rules of equity jurisprudence, it is clear that the district judge was without authority to issue the writ of injunction to prevent the enforcement of the law regulating the operation of motor-trucks upon the highways of this state unless the petition for such injunction clearly showed the existence of two facts, viz: First, that such law is unconstitutional and void; second, that its enforcement constitutes a direct invasion of a vested property right of the complainants. Davis & Farnum Mfg. Co. v. City of Los Angeles, 189 U.S. 207, 23 S.Ct. 498, 499, 47 L.Ed. 778; In re Sawyer, 124 U.S. 200, 8 S.Ct. 482, 31 L.Ed. 402; Box v. Newsom (Tex. Civ.App.) 43 S.W.2d 981.

" * * *

"It may safely be said that it is settled by the great weight of authority in this, as well as in other jurisdictions, that the use of public highways by common carriers of property for hire is an extraordinary use enjoyed as a mere privilege or license, revocable at the will of the Legislature."

■ The Houston Intercontinental Airport is owned and operated by the City of Houston. The Municipal Airports Act, Article 46d–4, authorizes such cities to enter into contracts, leases, and other arrangements for a term not to exceed forty years conferring the privilege of supplying goods, commodities, services or facilities at such airports.

Appellant has no vested property right to be protected by the injunction for which he has petitioned. The trial court, therefore, lacked jurisdiction to grant the relief prayed for and properly dismissed the suit.

Affirmed.