

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

MAR 6 1975

The Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. H- 547

Re: Whether a county may
regulate the placement of
portable signs on the right
of way of state and county
roads.

Dear Mr. Resweber:

You have inquired about the authority of a county to regulate the placement of portable signs on the right of way of state and county roads in both incorporated and unincorporated areas.

Article 2351, V. T. C. S., confers upon the commissioners court of a county general authority over that county's roads. But other statutes limit this power. Article 1016, V. T. C. S., grants to "[a]ny city or town incorporated under the general laws of this State . . . the _exclusive_ control and power over the streets . . . of the . . . town, and to abate and _remove encroachments or obstructions thereon._ . . ." (Emphasis added). Section 16 of article 1175, V. T. C. S., declares that home rule cities have "_exclusive_ dominion, control and jurisdiction in, over and under the public streets, avenues. . . ." (Emphasis added). Section 24 of that same statute grants to a home rule city the authority "[t]o license, regulate, control or prohibit the erection of signs or bill boards as may be provided by charter or ordinance."

We believe it is clear that the commissioners court may regulate the placement of signs on the right of way of county roads in all unincorporated areas. This conclusion is implicit in those decisions and opinions cited, _infra_, which discuss the authority of a county over roads located in incorporated areas. It also follows from article 6703, V. T. C. S.,

which authorizes the commissioners court to control streets and alleys
in cities and towns which have no "de facto" municipal governments.

But such blanket authority to regulate must necessarily be limited
to unincorporated areas.  In City of Breckenridge v. Stephens County, 40
S. W. 2d 43 (Tex. Sup. 1931), the Supreme Court held that the county com-
missioners court may improve city streets where such streets form integral
parts of county roads or state highways and where such improvements are
made without conflicting with the jurisdiction of the municipality, or with
its consent or approval.  The Court, quoting the early case of State v. Jones,
18 Tex. 874 (1857), explained that the phrase "without conflicting with the
jurisdiction of the municipality" referred to a situation in which a city
has totally failed to exercise its power to lay out and regulate roads.
Where the city has acted, the county must yield.

A previous Attorney General Opinion, M-561 (1970), reached the
same basic result in slightly different terms.  "Where there are incorporated
areas within a given county, the streets within the city are generally subject
to city control. "  If the street forms a connecting link in the county road
or state highway system, however, the county commissioners court may
maintain it, provided the city has expressly or impliedly consented to such
work.  We interpret this "implied consent" to be functionally equivalent to
the "no conflicting jurisdiction" test approved in Breckenridge, supra.

In incorporated areas, then, the county may regulate the placement
of signs on county roads' rights of way only with the consent of the particular
incorporated area.  Consent may be express or implied, and the test for
implied consent is whether the incorporated area has itself acted to regulate
such signs.  Whether either type of consent exists in a particular instance
requires a factual determination.  It is sufficient here to say that consent
is a prerequisite to county regulation.

The State has authority to control the State highways.  V. T. C. S. ,
art. 6663, et seq. ; Nairn v. Bean, 48 S. W. 2d 584 (Tex. Sup. 1932);
Britton v. Smith, 82 S. W. 2d 1065 (Tex. Civ. App. --Waco 1935, no writ).
The county may perform certain functions in regard to control of State
highways including the placement of signs, to the extent that their activities
are not in conflict with the policy of the State Highway Department.  See
V. T. C. S. , art. 6701d-11, §§11 and 13.

## SUMMARY

A county may regulate the placement of portable signs on the right of way of state and county roads in unincorporated areas of the county; it may regulate the placement of such signs in the incorporated areas of the county only with the consent, express or implied, of the particular incorporated area.

A county may place portable signs on the right of way of state roads if this is not in conflict with the policy of the State Highway Department.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg