**CHEVRON OIL COMPANY, a California Corporation d/b/a Standard Oil Company of Texas, Appellant,**

v.

**CITY OF EL PASO, a Municipal Corporation, et al., Appellees.**

No. 6466.

Court of Civil Appeals of Texas, El Paso.

April 20, 1976.

Rehearing Denied May 26, 1976.

Scott, Hulse, Marshall & Feuille, J. F. Hulse, James T. McNutt, Jr., Ted Painter, El Paso, for appellant.

John C. Ross, Jr., City Atty., Wade Adkins, Michael F. Ainsa, Bruce Yetter, David J. LaBrec, Asst. City Attys., Peticolas, Luscombe, Stephens & Windle, Wayne Windle, Harry Lee Hudspeth, El Paso, for appellees.

## OPINION

WARD, Justice.

The Appellant, Chevron Oil Company, filed suit for a declaratory judgment against the Appellees, the City of El Paso and its City Council, alleging that ordinances controlling the routes and methods to be used in transporting flammable liquid products within the City limits were arbitrary, unreasonable, unconstitutional and void, and sought a declaratory judgment to that effect. Appellant further asked for injunctive relief from the enforcement of the penal features of those ordinances. The case was tried without a jury, and at the close of the Appellant's case, the Court sustained the Appellee's plea to the jurisdiction of the Court and granted Appellee's motion for judgment. Findings of fact and conclusions of law were filed. We affirm insofar as the trial Court dismissed the Appellant's cause of action for want of jurisdiction.

The ordinances are part of the traffic and fire prevention ordinances for the City of El Paso. They require that all vehicles transporting more than 50 gallons of flam-

mable liquids operate only upon certain designated routes or streets within the City. Vehicles carrying 1500 gallons or less may leave these designated routes only by the shortest route to deliver to retail service stations or to bulk oil stations. Vehicles carrying more than 1500 gallons of flammable liquids cannot depart or deviate from the designated routes to deliver to retail service stations, but they are permitted to leave the designated route to go to bulk oil stations. A bulk oil station is defined as being a place where flammable liquids are stored, and where at least 75% of such liquids is distributed therefrom by tank trucks.

Chevron operates and maintains an oil refinery within the city limits of El Paso. At the refinery, there is a gasoline loading rack from which Chevron sells and dispenses gasoline refined at the plant, and the gasoline is sold on a wholesale basis to jobbers and contractor buyers. Appellant is also in the business of operating or leasing some fifty-three retail service stations within the city limits which sell the Chevron brand gasoline, as well as selling directly to bulk plants within and without the City of El Paso. For its deliveries to the Chevron service stations, Appellant uses a fleet of seven "bobtail" trucks, each having a 1500 gallon capacity, and these comparatively small trucks have been used for about forty-five years and have never been involved in a fire or explosion. The Appellant hires common carriers having tank vehicles with capacities in excess of 1500 gallons for its deliveries to the bulk oil stations in El Paso.

Chevron desires to use a 9000 gallon gasoline tanker for its gasoline deliveries to its retail outlets. This is prohibited by the ordinances. It complains that it is required to make more trips over the city streets to deliver gasoline than it would be required to make if it could deliver to retailers in 9000 gallon loads. The ordinances prevent delivery of the flammable liquids to underground storage facilities at the retail service stations in the 9000 gallon trucks, but allow such vehicles to deliver the flammables in said quantities to the bulk storage

facilities. The Appellant has twenty retail service stations which abut directly onto the designated flammable liquid routes within the City of El Paso, but the 9000 gallon transports cannot make delivery to these retail service stations under the ordinances. The 9000 gallon transport, which delivers gasoline from the Appellant's refinery to the El Paso City corral, passes by twenty-four retail service stations of all brands enroute, and the 9000 gallon transport delivering flammable liquids from the refinery to the designated bulk oil station at the El Paso International Airport passes by four of the Appellant's retail service stations enroute. Because the ordinances prohibit deliveries to retail service stations in vehicles with a capacity of more than 1500 gallons, Chevron has estimated that the increase in the Appellant's cost in delivering its products amounted to $88,302.00 per year.

The trial Court sustained El Paso's plea to the jurisdiction holding that it could neither grant a declaratory judgment nor a permanent injunction against the enforcement of the penal ordinances as Appellant made no proof as to irreparable injury to vested property rights and it was not shown that the ordinances were invalid. By its points numbers four and five, the Appellant attacks the action of the trial Court in sustaining the plea to the jurisdiction.

The applicable law has often been quoted from *State v. Logue,* 376 S.W.2d 567 (Tex. 1964).

"The general rule is that equity will not enjoin enforcement of the criminal law. *Ex parte Sterling,* 122 Tex. 108, 53 S.W.2d 294 (1932); *City of Austin v. Austin City Cemetery Ass'n,* 87 Tex. 330, 28 S.W. 528 (1894). However, there is an exception to the effect that when the criminal statute is unconstitutional, or otherwise void, and enforcement thereunder involves an invasion of property rights which will result in an irreparable injury thereto, equity will intervene to protect those property rights by enjoining enforcement of such void law. *Ex parte Sterling,* supra; *Crouch v. Craik,* Tex.,

369 S.W.2d 311 (1963). If either one of the requirements of equitable relief in this type of situation—void law and irreparable injury to property rights—is lacking, the courts of equity have no jurisdiction to entertain such suit. Because of the dual system of courts in this State—civil and criminal—this court will not pass on constitutionality of a criminal statute unless the requirement of irreparable injury of property rights is involved. See *Kemp Hotel Operating Co. v. City of Wichita Falls*, 141 Tex. 90, 170 S.W.2d 217, 219 (1943)."

■ This rule applies to municipal ordinances as noted in *Bellew v. City of Houston*, 456 S.W.2d 185 (Tex.Civ.App.—Houston (1st Dist.) 1970, writ ref'd n. r. e.).

First, it is necessary to determine if the enforcement of the ordinances will result in irreparable injury to vested property rights. *City of Richardson v. Kaplan*, 438 S.W.2d 366 (Tex.1969). The trial Court, by its unchallenged findings of fact, determined that the ordinances have caused a substantial increase in the Appellant's cost in delivering its product to its customers. In this regard, Appellant contends that its business of refining and marketing petroleum products is a vested property right, and that the use of the streets is only incidental to the marketing of the product; that other businesses which have an incidental use of the streets are permitted to use them without hindrance and that there is, therefore, an unlawful discrimination against the Appellant as to its street use.

■ It is settled, however, that no person can acquire a vested right to use public streets and highways for carrying on a commercial business. *City of Wichita Falls v. Bowen*, 143 Tex. 45, 182 S.W.2d 695 (1944); *Town of Ascarate v. Villalobos*, 148 Tex. 254, 223 S.W.2d 945 (1949). Appellant recognizes these authorities, but argues that the rule as to no vested property rights in the streets applies only where the primary business is carried on in the streets such as with bus services, taxicabs, and common carriers.

■ There is some merit to the Appellant's argument in that the courts more readily find a lack of vested property rights in the "street" cases than in those situations where the use of the streets are not involved or are only incidental to the complainant's business. However, the argument is overruled on the following authorities where the uses of streets were only incidental to the complainant's business. *State v. Logue*, supra, business of manufacture and sale of highway paving materials; *City of Fort Worth v. Craik*, 411 S.W.2d 541 (Tex.1967), solicitation of funds for the March of Dimes; *Parker Bros. & Co. v. City of Hunter's Creek Village*, 459 S.W.2d 915 (Tex.Civ.App.—Houston (1st Dist.) 1970, no writ), manufacture and sale of construction materials; *Stecher v. City of Houston*, 272 S.W.2d 925 (Tex.Civ.App.—Galveston 1954, writ ref'd n. r. e.), sale of stationery supplies. The vested property right argument is rejected.

■ An adequate remedy at law is also present. Any defense to the unconstitutionality of the penal ordinances can be made in the criminal proceeding, *State v. Logue*, supra. The Appellant's argument that, at one time long after the present suit was filed and had been set for trial, it invited the City to arrest one of its drivers, and that the City refused the invitation, is overruled.

■ By point number six it is argued that the Declaratory Judgment Act, Tex. Rev.Civ.Stat.Ann., art. 2524–1, granted an additional remedy to one in the Appellant's position and, that the requirements regarding equitable relief are no longer applicable. Such a contention has been urged on previous occasions and always rejected. See *City of Amarillo v. Griggs Southwest Mortuary, Inc.*, 406 S.W.2d 230, 233 (Tex.Civ. App.—Amarillo 1966, writ ref'd n. r. e.) and cases cited therein. The point is overruled.

The second requirement before equitable relief can be granted is that the ordinance be void, and this brings up for consideration the Appellant's first three points. The question of the constitutionality of the ordinances need be examined for the limited

purpose only of deciding if this additional ground existed which would sustain the trial Court's position that it had no jurisdiction over the penal ordinances.

The Appellant emphasizes that the ordinances provide that trucks of any size transporting flammables can deviate from the flammable liquid routes to make deliveries to bulk plants, but that trucks deviating to retail service stations cannot exceed the 1500 gallon limit, and that the larger trucks, even when going to bulk plants, cannot turn into service stations which abut on the route. This, says Appellant, makes the ordinances discriminatory, arbitrary, unreasonable and void.

The accepted rules are that the City has general powers to regulate the use of its streets and to impose reasonable restraints by means or ordinances for the protection of the welfare of the public. Its ordinances are presumed to be valid and the court cannot interfere with the City unless it is clearly made to appear that its action was arbitrary, unreasonable, and a clear abuse of power. The ordinances are not rendered invalid because private rights of persons or property are subjected to restraint, or that a financial loss will result to a company from their enforcement. *Town of Ascarate v. Villalobos*, supra. If there is room for a difference of opinion as to the necessity and reasonableness of the ordinances which lie within the police power, the courts will not hold them void. *City of Bellaire v. Lamkin*, 159 Tex. 141, 317 S.W.2d 43 (1958).

Chevron contends that its evidence met the extraordinary burden of proof as a matter of law and that the ordinances are void where they restrict the size of trucks which deliver gasoline to retail service stations. *Ex parte Rodgers*, 371 S.W.2d 570 (Tex.Cr.App.1963, no writ); *Humble Oil & Refining Company v. City of Georgetown*, 428 S.W.2d 405 (Tex.Civ.App. —Austin 1968, no writ). While these cases cited support Chevron's position to some degree, there are at least two vital differences between the ordinances condemned there and the El Paso ordinances. The

ordinances condemned did not prescribe the route or regulate the capacities of the tank trucks hauling gasoline over the public streets of either of the cities involved; they obviously were not designed or intended to regulate the operation of the gasoline trucks on the city streets and, under the ordinances, the large gasoline trucks could travel or park on any of the streets, or travel to or park at any retail service station without being in any violation. The ordinances were obviously designed to favor or protect the local bulk station operators and merely prevented the larger trucks from discharging their gasoline on filling station property. It was determined in both cases that no fire danger was eliminated, and that there was no reasonable basis for applying the restrictive provisions to trucks unloading at retail stations to underground tanks while permitting the unloading by all trucks at wholesale plants to overhead storage tanks. Under the El Paso ordinances, all operators of all tankers must stay on certain designated flammable routes, except for the purpose of driving directly to and from bulk oil stations. The operators of the smaller trucks likewise are restricted to the flammable routes, but are permitted to deviate by the shortest route and deliver to the retail service stations. The El Paso ordinances have made a distinction between the bulk plants and the retail service stations on the basis of traffic and fire safety. A review of the testimony reveals many conflicts in the testimony between the parties, and there are admitted differences of opinion as to both the necessity for and the reasonableness of the ordinances. They are not such that will permit the intervention of equity in this controversy and in holding the ordinances void. The evidence, while in dispute, supports the City's position that the ordinances lessen the fire danger within the City of El Paso. *City of Bellaire v. Lamkin*, supra. The first three points are overruled.

Appellant next complains of the action of the trial Court in entering judgment for the City on the merits of the case after having sustained its plea to the jurisdiction.

From what has been previously said, the trial Court was correct in its holding that it had no jurisdiction in entering any further judgment for the City in the case. Any such error however, as far as Appellant is concerned, can form no basis for reversal of the entire judgment.

By a series of points, the Appellant complains of certain findings of the Court made regarding the lack of jurisdictional facts and of certain conclusions of law. We have considered all of the balance of these points and they are overruled as being without merit.

The judgment of the trial Court is affirmed wherein it dismissed the cause of action asserted by the Appellant. Insofar as it then attempted to pass upon the merits of the Appellant's cause of action, the judgment is reversed and the Appellees' motion for judgment is ordered denied as the trial Court was then without jurisdiction to consider such motion.